M'Girk, C. J.,
delivered the opinion of the Court,.
Payne brought an attachment against Snell. In his afjidavit he stated that Snell was about to remove his property out of the State. The statute says effects, not property. In the declaration the plaintiff declares for $1,800; the plaintiff swears to a debt of $600; the writ of attachment issued for $1,800; the Sheriff attached property to the amount of $1,800; whereupon the defendant gave a bond in a sufficient sum to cover the debt so sworn to, with costs and interest, thereupon the attached property was restored to the defendant. When the proceedings were returned to the Court, the defendant moved'to quash the writ, because it issued'for more than the amount sworn to in the affidavit.
Second. Because the affidavit did not pursue the statute, asserting that the defendant was about to remove his property, when it should have been his effects. The Court quashed the writ; the quashing of the writ as aforesaid is assigned for error.
The plaintiff in error also insists that although it may be that the proceedings may be erroneous in the above particulars, yet these objections come too late after the attachment has been, as it was in law, dissolved as an attachment, and stood as a common case on a summons. We are of opinion this position of the plaintiff is correct. The amendatory act of the General Assembly, passed 17th January, 1831, in the second section declares that if any. defendant in any attachment shall give bond and security in a sum.sufficient to cover the debt sworn to, with all accruing interest, damages, and costs of suit, conditioned that the defendant, will pay to the plaintiff the amount of judgment which may he rendered against him in that suit, with all in-, ferest and costs that may accrue, &e., then in every such, case the attachment shall be dissolved, the property taken.restored, and all previous proceedings either against, the Sheriff or against the garnishee set aside, and the cause shall proceed as if the defendant had been seasonably served with a writ of summons; all the law required, to turn this ease into an ordinary summons was done, when the motion was made to quash the attachment;- there was in fact and law no attachment in existence. Then how did the objections taken by the defendant apply to the case ? It is to be re-. marked that the writ of attachment contains in every case a clause of summons on the defendanthe then stood in Court on the summons; as to the summons and the declaration there is no discrepancy. In the case of ordinary summons there is no affidavit, and in this case all things else, (except the declaration,) which are required t¡}, c,on?titute a good attachment,.were superseded by, the giving the bond on then *290 part of the defendant. Suppose the writ so far as it was a writ of attachment is to he quashed, yet the law says in this case the party stands in Court on a summons, how Is that to be got rid of? We think the party has, by turning the case into a case of summons, waived all objection to the suit as an attachment case, whether this was more for his benefit than it would have been if he had not done so, was for him to consider. We are well satisfied the Court erred in quashing the writ and proceedings. The judgment is therefore reversed; the cause is remanded for further proceedings.