PADDOCK, plaintiff in error, *vs.* MATTHEWS *et al.*, defendants in error.

The defendant in an attachment, having executed a bond to the sheriff, and procured a release of the goods attached, under §§ 13 and 14 of chap. 114, R. S. of 1846, is thereby estopped from applying for a dissolution of the attachment under the provisions of the act No. 125, Sess. Laws 1851.

Certiorari to the Circuit Court Commissioner of Oakland County.

The plaintiff in error on the 27th of March, 1851, sued out of the Oakland Circuit Court an attachment against the goods &c. of the defendants in error, under which writ the Sheriff of Oakland County on the 29th day of the same month attached a quantity of goods in the possession of the defendants, and on the same day made personal service on both defendants. Subsequent to the service of the attachment and on the same day, the defendants executed and delivered to the Sheriff a bond under the provisions of sections 13 and 14 of chapter 114 of Revised Statutes, 1846, and the Sheriff thereupon released the goods, leaving them still in the possession of the defendants. Subsequently the plaintiff filed his declaration, the defendants plead issuably, and the suit still pending and undetermined on the 4th November, 1851, commenced the proceedings now under review, to procure a dissolution of the attachment, and on the 27th of the same month the attachment was ordered by the Commissioner to be dissolved.

*Wisner & Drake*, for plaintiff in error.

1. The defendants in error having given a bond by which the property attached had been released, plead to the declaration in the attachment suit, and continued the cause from term to term on their application, prior to their application for a dissolution of the attachment—the Commissioner erred in dissolving the same.

2. The Commissioner had no jurisdiction to order the attachment dissolved after the defendants in error had given bonds to the Sheriff and received back the property attached, and after defendants had voluntarily appeared in the attachment suit and had plead issuably to the declaration filed therein.

*H. L. Stevens*, for defendants in error.

1. The writ in this case is a common law certiorari, and

brings up nothing but the record. (*People* vs. *Mayor of New York*, 2 *Hill*, 10; *Ml. Morris Square, in City of N. Y.*, 2 *Hill*, 14; *Stat.* 1851, *p.* 161; *R. S.* 1846, 514.)

2. The only papers in this case which constitute the record, are the petition to dissolve the attachment, the citation to the plaintiff in attachment and proof of its service, the fact that some proof was offered, and the final adjudication of the Court or Commissioner. (*People* vs. *Mayor of N. Y.*, 2 *Hill*, 10.)

3. The record will only be reviewed by the Supreme Court to ascertain whether the inferior tribunal had jurisdiction. (2 *Hill*, 14; 7 *Wend.* 469; 2 *Burr.* 1040, 1042.)

4. When a writ has been improperly issued, it is not too late to correct the error after return and hearing on the merits. (*People* vs. *Supervisors Queen's Co.*, 1 *Hill*, 195, 200; 2 *Hill*, 10; *Ib.* 14.)

5. The statute of 1851 is a remedial statute. Remedial statutes are to be construed, if possible, so as to suppress the mischief, and advance the remedy. (*Davenport* vs. *Barnes*, 1 *Penn.* 211; *Wilber* vs. *Paine*, 1 *Ham.* 256; *Pancost* vs. *Ruffin*, *Ib.* 385; *Lessee of Burgett*, *Ib.* 481; *McCormick* vs. *Alexander*, 2 *Ib.* 74.) The general system of legislation upon this subject matter may be taken into consideration, to aid in the construction of one statute relating to the same subject. (3 *Mass.* 17, 21; *Ib.* 296; 6 *Barb. S. C. R.* 60.) It is always to be presumed the Legislature intend the most reasonable and beneficial construction of its acts, &c. (4 *Mass.* 534, 537; 12 *Id.* 383, 385.) In giving a construction to any statute the Court must consider its policy, and give it such an interpretation as may appear best calculated to advance its object of effecting the design of the Legislature. (*Allen* vs. *Parish*, 3 *Ham.* 198.)

The mischief existing at the time of the enactment, and the remedy intended, are to be taken into consideration in construing a statute. (*Wood* vs. *Mains*, 1 *Iowa*, *Green*, 275.)

Paddock, plaintiff in error, *vs.* Matthews *et al.*, defendants in error.

By the Court, COPELAND, J.

The principal assignment of error, and the one mainly relied upon by the plaintiffs in error, is that the Commissioner had no jurisdiction in the matter; had no power to order the attachment to be dissolved after the defendants had given a bond to the Sheriff, and then procured a release of the attachment—received back the property attached; and after they had appeared in the case and plead issuably to the declaration filed therein.

By the provisions of § 5, Chap. 114, of the R. S. 1846, relating to proceedings by attachment, the writ of attachment shall command the Sheriff or other officer to whom it may be directed, to attach so much of the lands, goods, &c., of the defendants, as will be sufficient to satisfy the plaintiff's demand, and also, to summon the defendant, if to be found within the State, to appear and answer.

Section 17 provides that if it appear upon the return of the writ, that a copy thereof has been personally served upon the defendants, or either of them, or if either of the defendants shall appear in the suit, the same proceedings may be thereupon had in such suit, in all respects, as upon the return to an original writ of summons personally served in a suit commenced by such summons.

By the provisions of the 18th Sec. "if it appear by the return of the writ, that any property has been attached thereon, and that neither of the defendants could be found, then the plaintiff shall cause a notice to be published," &c., and may therefore proceed to final judgment. So that it will readily be perceived, that whether property be found or not, the suit may be proceeded in, where it appears that there has been a personal service upon the defendants, and therefore that an attachment of property is not necessary, to give the Court jurisdiction of the action.

By virtue of the provisions of sections 13, 14, and 15 of said act, if the defendants or party in whose possession the

property may have been found, executes and delivers to the officer a bond, the property may be released, and re-delivered to the defendants, "but the suit should not be discontinued, or in any way affected by such delivery." These several provisions of the Revised Statutes, 1846, are still in force. But the original act contains no provision similar to that contained in the amendatory act of 1851, "and under which the proceedings in this case were commenced, nor does the amendatory act in any way conflict with the several provisions of the original. It simply provides an additional mode of releasing property taken by attachment.

Section 1 of the amendatory act, (act No. 125, session laws 1851,) provides that in all cases where a writ of attachment has been, or shall be issued, and served under the provisions of law, it shall be lawful for any defendant, whose property may be attached by virtue of such writ, to apply to the Judge of the Circuit Court, or to the Circuit Court Commissioner, where the writ issued, for a dissolution of such attachment, that upon the presentation of such application, the Judge, or Commissioner shall issue a citation to the plaintiff in attachment, requiring him to show cause why the attachment should not be dissolved, and the property restored to the defendant, that upon the return of the citation, or on such other day as the Judge or Commissioner may appoint, there shall be a hearing of the parties, and if upon such hearing, the Judge or Commissioner should be satisfied that the plaintiff had not a good and legal cause for suing out such writ, he shall order the attachment to be dissolved, and the *property to be restored* to the defendant, the same end being obtained so far as the property attached is concerned as by the giving of a bond under the original act. But where a party, defendant; instead of having the validity of the attachment inquired into, under the provisions of the amendatory act, elects in the first instance, to give his bond under the original act, and in that way obtain a release and restoration of his property, he

cannot subsequently avail himself of the provisions of the amendment. So that in this case, the order of the Commissioner dissolving the attachment, and ordering the property to be restored, must be regarded as void, there being nothing left to which such an order could attach.