13  549
45 1017

## Love & Savage, for Savage, *v.* B. P. Voorhies.

Where the attachment has never been dissolved the surety of a defendant upon a bond given to release the attachment, is bound to pay a personal judgment against the defendant property rendered in the suit, to the amount of the value of the property attached, notwithstanding there is no express recognition of a privilege upon the property attached, in the final judgment of the court.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
    *Duncan & McConnell*, for plaintiffs. *Durant & Hornor*, for defendant and appellant.

COLE, J. The opinion in this case having been prepared by Mr. Justice Spofford previous to his resignation is adopted as the opinion of the court.

The only question in this case is, whether the surety of a defendant upon a bond given to release an attachment, is bound (to the extent of the value of the property attached) to pay a personal judgment against the defendant property rendered in the suit, notwithstanding there was no express recognition of a privilege in the final judgment of the court.

We say this is the only question, because it appears in this case that the defendant, *Voorhies*, is sued upon a bond signed by him as surety for *Samuel Cloon* to release the attachment of the steamer Sam Cloon, which had been seized in the suit of *Love, Savage & Co.* v. *McComas & Cloon*, under an *alias* writ of attachment, sued out on the 25th January, 1853; that this attachment was never quashed; that there was, however, a judgment in favor of the defendant, *Cloon*, upon the merits, in the District Court, from which the plaintiffs appealed to this

LOVE
v
VOORHIES.

court; and that here that judgment was reversed, and a judgment rendered in favor of the plaintiffs against *McComas & Cloon* severally, decreeing also a privilege upon the property seized under the *attachment issued on the 29th May,* 1852, and that the same be sold to pay said debt, interest and costs.

No allusion was made in the final judgment to the attachment issued 25th January, 1853, for the release of which the bond now sued upon was given. But that attachment has never been quashed by order of any court.

We are of the opinion that it is not indispensable, in order to bind the surety in such a case, to insert in the final decree the usual phrase, " with privilege on the property attached." The rights of the parties are not made to depend upon that formula.

Under Article 259 of the Code of Practice, as amended by the Act of 17th March, 1852, p. 155, " the defendant, if he appear either in person or by his attorney, may, moreover, in every stage of the suit, have the property attached released by delivering to the Sheriff his obligation for the same, exceeding by one-half the value of the property attached, with the surety of a good and solvent person residing within the jurisdiction of the court where the action was brought, *that he will satisfy such judgment, to the value of the property attached, as may be rendered against him in the suit pending.*"

When a party defendant in attachment gives this bond, although he thereby releases the property attached, he yet brings himself within reach of a personal judgment, because he appears and undertakes to defend the suit, which otherwise might have been *in rem* only. *Rathbone* v. *Ship London,* 6 An. 440.

The surety on the bond to release the attachment in this case bound himself in accordance with the law; there was a personal judgment against his principal; the order of attachment under which this bond was given has never been set aside by order and judgment of any court; an execution against the principal debtor for the judgment has been returned, no property found; the surety is, therefore, liable.

The case might be different had the attachment been quashed by judicial order. For it is well settled, that the act of bonding the property attached, although it releases the *seizure,* does not debar the party giving it from subsequently moving to quash the order of attachment. *Baker* v. *Hunt,* 1 M. 194; *Pailhes* v. *Roux,* 14 L. 82; *Quine* v. *Mayes,* 2 Rob. 510; *Myers* v. *Perry,* 1 An. 372; *Brinegar* v. *Griffin,* 2 An. 154.

And in *Pailhes* v. *Roux,* 14 L. 83, it was said " the defendant gave bond with a view to be restored to the possession of the property attached, in pursuance of the 259th Article of the Code of Practice. He *afterwards* obtained a rule on the plaintiff to show cause why the attachment should not be dissolved, on the ground that it had been obtained on a false allegation. C. P. 250. *This became necessary in order to relieve himself and his surety from the obligation resulting from the bond which he had given to the Sheriff, to regain the possession of this property illegally attached.*"

But it becomes unnecessary in the present case to decide whether the dissolution of the attachment upon motion, by judgment of a competent court, after bond given to release it, would absolve the surety, as is intimated in the above case. It suffices to say, that although the final judgment makes no special allusion to the property attached under this writ, that attachment has never been dissolved by judicial decree.

It is objected that there is not sufficient proof of the large amount of costs in

the suit of *Love, Savage & Co.* v. *McComas & Cloon.* No special issue was made upon this point in the court below, and the entire record of the former suit was introduced in evidence. The *fieri facias* shows for what amount the court ordered execution to issue in that case, and it is *primâ facia* correct.

Judgment affirmed.