## W. H. Austin & Co. v. Burgett.

1. Attachment against one of several defendants. In an action against two or more defendants, an attachment may be issued against the property of but one.
2. Effect of a delivery bond. The execution of a delivery bond releases the property attached, and leaves it in the possession of the debtor, free from the attachment lien.
3. Same Such bond takes the place of the attachment as a security, and renders the writ *functus officio*.
4. Remittitur. When the judgment below is for a sum greater than the appellee was entitled to recover, he may enter a *remittitur* in the Supreme Court, but can not thereby exonerate himself from payment of the costs of appeal.

*Appeal from Lee District Court.*

Wednesday, April 4.

This suit was commenced on the 1st day of February, 1858, against Henry Burgett and Jacob Miller, "composing the firm of H. Burgett & Co," on a draft drawn by said firm against themselves, and in favor of the plaintiff. The petition also prayed for an attachment, which was issued and levied upon the individual property of Miller, who subsequently released it by the execution of a delivery bond. On the 8th of February, 1859, the death of Miller, was suggested; in June following the surviving defendant moved to dissolve the attachment. The motion was overruled and judgment rendered against the defendant for the sum of $546.97. The other facts necessary to an understanding of the case are set forth in the opinion of the court. Defendant appeals.

*Noble & Strong* for the appellant.

I. The judgment in the court below was for a greater sum than was claimed in the petition. Such error may be noticed for the first time in the Supreme Court. *Roberts* v. *Smith,* Mor. 417; *Doolittle* v. *Shelton,* 1 G. Greene 271; *Gower & Holt* v. *Carter & Shattuck,* 3 Iowa 244.

II. A *remittitur* will be allowed only upon payment of the costs of appeal.  3 Gilman 643, 2 Ib. 377; 3 Scam. 95 and 347; *Pickwood* v. *Wright*, 1 H. Bla. 642; *Hogan* v. *Taylor*, 1 Hemp. 20.

III. The court below erred in overruling the motion to dissolve the attachment:

1. This is a suit against H. Burgett and Jacob Miller, and the writ of attachment runs against the property of H. Burgett & Co.  *Musgrave* v. *Brady*, Mor. 456; Drake's Attach. section 115; 1 Breeze 222.

2. After the writ was issued Miller died and no judgment could be rendered against him.  7 Mo. 421; *Harrison* v. *Renfro*, 13 Mo. 446; Drake's Attach. 395.

*Rankin, Miller & Enster* for the appellees.

I. This court having power to render such judgment as the court below should have rendered, that judgment carries costs.  Code section 1811 and 2556.

II. The attachment was properly issued and levied, and is not dissolved by the death of the party for the reason that the suit does not abate.

III. The delivery bond filed in this case released the attachment and rendered the writ *functus officio*.  *Jones* v. *Peasely*, 3 G. Greene 52; 5 Iowa 545; *Woodward* v. *Adams*, 9 Iowa 474.

Lowe, C. J.—Two points claim the consideration of the court, in this case.  The first relates to the supposed error of the court below in not quashing the attachment for the reasons assigned in the motion filed for that purpose.  There were two reasons chiefly relied upon in support of the motion to dissolve; first, that the allegations in the petition were insufficient to authorize and sustain the attachment; second, that the individual property of defendant, Miller, only, was attached, and he had departed this life since the commencement of the action.

Upon inspecting the petition it is difficult to perceive the insufficiency of the allegations to sustain the attachment, as they are made in almost the very words of the statute. It is true that it is alleged that the firm of H. Burgett & Co., have property not exempt from execution, which they refuse to give either in payment or security, &c., and the levy shows that the individual property of Miller, one of the defendants only, was attached, yet the petition as sworn to, charges that the defendant was a non-resident, and this court has held that in an action against two or more defendants the plaintiff is entitled to an attachment against the property of one defendant, on making an affidavit showing the existence of the necessary facts as to such defendant, (which was done in this case,) and without alleging the insolvency of the remaining defendants. 6 Iowa 54; *Chittenden* v. *Hobbs*, 9 Iowa 417.

Whether the death of the party whose property was attached did in fact or law dissolve the attachment, is a question which does not necessarily arise in this case, for the reason that before his decease the party executed a delivery bond as prescribed in section 1876 of the Code, which had the effect to release the property from the custody of the law, and to leave it in the possession of the debtor or his legal representatives, free from the attachment, and subject to any disposition of it he, or they, might think proper. This bond is a new security and takes the place of the attachment lien; and when executed and delivered, it follows that the attachment has expended its force and is no longer operative. Under such circumstances, to dissolve the attachment upon motion would be in our judgment a useless, not to say a nugative act on the part of the court.

The second point to be considered, is the allegation that the judgment below was for a sum greater than the plaintiff was entitled to recover on the note sued on. This error is confessed and would necessarily reverse the judgment below, but for the fact that the plaintiff offers to remit in this court the excess, $54,47. While this is his right and privilege it

will not shield him from the payment of the costs of the appeal which were made necessary to correct an error occasioned by his own *laches*. A judgment will therefore be entered in this court for the sum of $494.50, being the amount for which the court below should have rendered judgment for the plaintiff; but the costs of the appeal will be taxed to the appellee.