GARRETSON v. REEDER *et al.*

Bond: INFORMAL DELIVERY BOND. A delivery bond was executed by the defendant in an attachment proceeding, and his sureties, to the sheriff, to procure the release of the property attached, which, after reciting the facts, was conditioned to keep the sheriff indemnified against all damages, and to deliver the property when ordered, or an equivalent thereof in money. *Held,*

1. That though the bond might be defective as a statutory bond, because not in the form prescribed by the statute, it was, nevertheless, valid as a common law obligation.

2. That to entitle plaintiff to recover on this bond, it was not necessary that the court in the attachment suit should have specially ordered the sale of the property released, as the execution of the bond took the property from the custody of the law.

3. That said bond was taken by the sheriff by virtue of his office, and not *colore officii*.

### *Appeal from Henry District Court.*

### FRIDAY, JULY 12.

DELIVERY BONDS: WHEN BINDING AS COMMON LAW OBLIGATIONS, ETC. — The present action is upon the following bond: "Know all men, etc., that we Jacob Reeder, as principal, and Joseph Reeder and Hiram Jones, as sureties, are held and firmly bound unto W. T. Spearman, in the sum of $800, for the payment of which, etc.; whereas, said Spearman, as sheriff of Henry county, by virtue of a certain attachment, issued by the clerk of the District Court of Henry county, Iowa, against the said Jacob Reeder, in favor of John G. Garretson, for the sum of $400, and costs, has seized the following personal property, to wit: *(here describing it)*, with intent to hold the same, subject to the order of the judge of the District Court of Henry county, Iowa. Now, if the above bound Jacob Reeder, Joseph Reeder and Hiram Jones, shall, at all times, keep the said W. T. Spearman indemnified from all damages and expenses, and deliver said property, when ordered, or an equivalent thereof in money, then this obligation shall be void, otherwise in full force.

"(Signed)      JACOB REEDER,<br>
JOSEPH REEDER,<br>
HIRAM JONES.

"Dated, 15th day of April, 1865."

No question arises upon the pleadings. The defense was a general denial. On the trial, which was to a

jury, the plaintiff proved that, in March, 1865, he commenced suit in the Henry District Court, by landlord's attachment, against Jacob Reeder (principal in the above bond); that the said sheriff levied the attachment upon the personal property of said Reeder, described in said bond; that it was released from said writ, and surrendered to the defendants (the obligors in said bond), upon receiving the bond in suit, which bond the sheriff returned into court with his return on the attachment. The plaintiff also proved to the jury that, at the November Term, 1865, he recovered judgment in the attachment action for $433, and costs, against the said Jacob Reeder; that execution was issued and a demand made by the sheriff with the execution on each of the obligors in said bond, which demand was refused and the execution returned "*nulla bona.*"

The judgment against Reeder contained no specific order, nor any order, for the return of the property which had been attached. The value of the property was admitted to equal the amount claimed by plaintiff in this suit. Under this evidence, the defendants asked and the court gave to the jury the following instruction, viz.: "The evidence in this case is insufficient to warrant a recovery by the plaintiff against the defendant." The plaintiff excepted, and the jury at once returned a verdict in favor of the defendants. Judgment passed upon the verdict, and plaintiff appeals. This instruction to the jury is the error assigned.

*T. W. & John S. Woolson* for the appellant.

*L. G. Palmer* for the appellees.

DILLON, J. — I. The instruction of the court is sought to be sustained upon the ground of the alleged defective

Garretson v. Reeder.

BOND: inform-al delivery bond. or insufficient character of the bond in suit. That it is not in the form provided by the statute, is obvious. But, if it be conceded that the departures are so great as to destroy its force as a statutory bond, still it might be valid as a common law obligation. If thus valid, and there had been a breach of its conditions, the obligors therein would be liable. Why not valid as a common law obligation? The sheriff had lawful. possession of property upon which the plaintiff had a valid lien. Defendants wished it released. To effect this, they voluntarily offered to substitute their joint liability in the place of the property. To this, the sheriff agreed. Defendants have received the consideration for their undertaking, viz., the release of the property.

No law or no public policy was violated. by the giving and accepting of this bond. And defendants, having received the consideration therefor, must be held liable if they have not kept its conditions.

And here defendants claim that the evidence which the plaintiff laid before the jury did not show that any breach had occurred, and, if no breach, then no damages, and, if no damages, then no cause of action. Let us see. This objection involves the true construction of the bond. And it is to be construed according to the intent of the parties. Now, taking the recitals of the bond, and looking at the circumstances under which, and the purposes for which, it was executed, it is evident that the defendants knew the sheriff held the property subject to the order of the court in the attachment suit,—that is, to be subjected to the plaintiff's judgment, should he recover.; to be returned to. Reeder, if the plaintiff should fail in his attachment suit. Under these circumstances, they have agreed "to deliver the property to the sheriff when ordered." Under our law, it is not necessary, in order to continue an attachment lien, that the judgment

should in terms order the property attached to be sold. *Kingsbury* v. *Buchanan*, 11 Iowa, 387, 391; *Coriell* v. *Doolittle*, 2 G. Greene, 385 ; *Waynant* v. *Dodson*, 12 Iowa, 22. But, when it is released by such a bond, it is free from the lien of the writ, at least as to third parties; and this may perhaps be so, even as between the parties. Such, at least, is the doctrine of this court. *Austin & Co.* v. *Burgett*, 10 Iowa, 302.

There is, therefore, no reason why the court should specially order the sale of personal property which has been released; at all events, such an order would neither increase nor diminish the rights or liability of either or any of the parties. We construe the bond to mean that the obligors would deliver the property or pay its value, if the plaintiff was successful in the action in which he had caused its seizure. A judgment of recovery (the attachment not having been set aside) is just as effectual to bind the parties as if an express order for the delivery of the attached property had been made. 11 Iowa, 387; Id. 22; Id. 570.

Under the statute (Rev. § 2787) and a prior decision of this court, which in principle cover the present case, it is our opinion that the instruction to the jury was erroneous. See *Sheppard* v. *Collins*, 12 Iowa, 570, and the satisfactory reasoning of WRIGHT, J., p. 573. The present bond was taken by the sheriff, by virtue of his office, and not *colore officii*.

II. If the District Court had been right in the view it took of this bond, there would have been no objection to the manner in which it directed the jury. Indeed, the course which was pursued is to be commended, in cases where the evidence is documentary, and the facts not disputed. If, in the court's opinion, the undisputed facts show no cause of action, it is his duty so to state, pointedly and plainly, to the jury.

VOL. XXIII.—4

These observations are made in answer to appellant's complaint as to the action of the court, in taking the cause from the jury. Remanded for trial *de novo*.

Reversed.