WILLIAM ENDRESS v. M. L. ENT, *et al.*

1. UNDERTAKING, *To Release Attached Property; Not Affected by Surplusage.* Where E. causes an undertaking to be executed, in a civil action pending before a justice of the peace in which an order of attachment has issued, and a levy made on E.'s personal property, to obtain a release of the property from attachment, in which undertaking the defendant and his surety bind themselves "to the plaintiff, in the sum of eighty-five dollars that the defendant shall perform the judgment of the said magistrate in this action *touching the attachment herein,*" and such undertaking is approved by the justice and filed with him: *Held,* That the undertaking is in effect a statutory bond; that the words, "touching the attachment herein," should be treated as surplusage,

and that the defendants are liable on the undertaking, on failing to pay the judgment in the original action.

2. ――――― *Action on Undertaking; Parties; Defense.* All the parties in an undertaking in attachment may be sued thereon, without issuing execution against the principal. It is sufficient to set forth in the bill of particulars the bond, a release of the attached property thereon, the judgment, and its non-payment. It is a matter of defense to show a satisfaction of the judgment.

### *Error from Leavenworth District Court.*

ACTION brought by *Endress* on an undertaking given by *Ent* as principal, and *Douglass* as surety, in July 1875, to release certain property of *Ent's* which had been seized and was held under an order of attachment. At the trial in the district court, at the December Term 1875, when *Endress* rested, the defendants demurred to the evidence. The court sustained the demurrer, and gave judgment in favor of defendants for costs. Plaintiff brings the case here.

*C. F. W. Dassler,* for plaintiff.

*Douglass & Ent,* defendants, for themselves.

The opinion of the court was delivered by

HORTON, C. J.: Endress sued Ent before a justice of the peace on an account for goods sold, payment to be made on delivery. Ent failing to pay, the identical property sold was seized on attachment. To release the property from attachment, Ent as principal, with John C. Douglass as surety, executed the following undertaking:

(*Court, and Title.*) "We bind ourselves to the plaintiff, William Endress, in the sum of eighty-five dollars, that the defendant, M. L. Ent, shall perform the judgment of the said magistrate in this action touching the attachment herein."

This undertaking, and the security therein, were approved and accepted by the justice of the peace. Endress recovered judgment against Ent, and the judgment remaining unsatisfied, suit was brought against Ent and Douglass on said undertaking, and judgment rendered by the justice of the peace against them. From this judgment an appeal

was taken to the district court, and judgment rendered in favor of defendants for costs. The only question raised is, whether defendants are liable on the undertaking, on failing to pay the judgment in the original action. Section 52 of the justices act, (Gen. Stat. 1868, p. 787,) provides, that—

"If the defendant, or other person in his behalf, at any time before judgment, cause an undertaking to be executed to the plaintiff, by one or more sureties, resident in the county, to be approved by the justice, in double the amount of the plaintiff's claim, to be stated in his affidavit, to the effect that the defendant shall perform the judgment of the justice, the attachment in such action shall be discharged, and restitution made of any property taken under it, or the proceeds thereof. Such undertaking shall also discharge the liability of a garnishee, in such action, for any property of the defendant in his hands."

Omitting the words, "touching the attachment herein," the bond in question conforms to the above section of the statute. Does the addition of these words avoid the bond, as a statutory obligation? We think not. Technically, there could be no judgment "touching the attachment herein." The words are meaningless. In an action where an order of attachment has been issued, and a levy made thereunder, if judgment be rendered for the plaintiff, and no bond has been executed that the defendant shall perform the judgment of the justice, the property attached is sold, by order of the justice, under the same restrictions and regulations as if levied upon by execution, and the judgment is satisfied from the proceeds of such sale, if sufficient therefor. An order to sell the attached property, made by a justice, is not a judgment touching the attachment. The words, so unnecessarily added to the undertaking, as used, have no certain meaning, and must be treated as surplusage. With the words, "touching the attachment herein," disregarded, the undertaking was executed in full compliance with the provisions of said section 52, and we hold, under this view, that the defendants are liable on the undertaking, on failing to pay the judgment in the original action.

1. Undertaking not vitiated by surplusage.

It is insisted by the defendants, that the undertaking was intended as a forthcoming bond, as described in section 33 of the justices act, (Gen. Stat. 782,) and they cite the action of the justice in overruling the motion of Ent to discharge the attachment. The bond is very dissimilar from the undertaking required by said section 33, and cannot, by us, be construed into an undertaking that the property attached in this action, or its appraised value in money, should be forthcoming to answer the judgment of the court. The constable did not take the bond in question, and no appraisement was had; it was approved by the justice, and filed by him, and thereupon the property was left with Ent by the order of the justice. At the time Ent made the motion to discharge the attachment, there was in fact no attachment in the case to be discharged, the attachment issued and levied having been previously discharged by virtue of the acceptance by the justice of the undertaking given by the defendants, and the release of all the property thereon to Ent. Upon the rendition of the judgment, no order was made to sell the attached property, and this shows that the justice considered the undertaking conditioned for the payment of the judgment, and not for the forthcoming of the property, or its value in money, on the day of sale. Afterward, the same justice rendered judgment on the undertaking in this action against the defendants, thus conclusively proving that he treated the undertaking as given in pursuance of said section 52, and not under section 33.

The defendants further insist, that the court below properly sustained the demurrer to the evidence, and rendered judgment for the defendants, because there was no evidence introduced on the trial that the judgment against Ent remained unsatisfied. On the hearing of the case, 2. Action; necessary facts; proof. the plaintiff produced the undertaking sued on, the execution of which defendants admitted, and then gave in evidence all the proceedings in the case of the plaintiff against the defendants in the action to recover on the undertaking, and also all the proceedings in the original

case of the plaintiff against Ent, including the release of the attached property on the undertaking, and the rendition of the original judgment of $42.50, and $8.85 costs. This evidence was sufficient. The production of the judgment against Ent, with the docket of the justice, and all the proceedings and papers in that case, showed that the judgment had been duly rendered, and still remained unsatisfied. If the defendants contested the question as to said judgment being unsatisfied, that was a matter of defense, and they should have offered the proof, if any existed, to the contrary.

The judgment of the court below will be reversed, and a new trial ordered.

All the Justices concurring.