## ALLEN v. PLATT.

1. **Pleading:** ANSWER AFTER DEMURRER: EFFECT. Where defendant demurs to a petition, and the demurrer is overruled, and defendant answers, he thereby admits the sufficiency of the petition, and he cannot again raise that question upon appeal.

2. **Contract:** CONSIDERATION: ACTION BY BENEFICIARY. Where a sheriff had levied upon a lot of hogs under execution in favor of plaintiff and against B., and defendant claimed to be the owner of the hogs, and he entered into a written contract with the sheriff, whereby he was permitted to take and sell the hogs, upon his agreement to hold the proceeds subject to the order of the court, and that the rights of plaintiff and the sheriff should be in no wise prejudiced, *held—*

VOL. 79—8

(1) That the instrument, being in writing, imported a consideration. (Code, sec. 2113.)

(2) That the instrument was intended as a security for plaintiff, and that he was, therefore, entitled to bring an action upon it, under section 2552 of the Code. (See opinion for citations.)

*Appeal from Sac District Court.*—Hon. J. P. Conner, Judge.

Filed, January 27, 1890.

Action on a contract executed by defendant in the following words:

"Whereas, Thos. Batie, sheriff of Sac county, Iowa, has levied upon forty-nine hogs as the property of H. J. Baxter under an execution in a judgment against Baxter *et al.*, and in favor of William Allen; and, whereas, I claim ownership of said hogs, and desire to ship the same to market: now, then, in consideration that I may so ship the same, I hereby receipt for them, to be held by me subject to said levy, it being clearly understood that I hold said hogs, and shall hold the proceeds thereof, subject to the order of the district court; the rights of said judgment creditor, William Allen, and of Thos. Batie, sheriff, being in no wise prejudiced. I agree to respond, upon the return of the execution under which said levy was made, upon the first day of the term of said district court of Iowa for Sac county, and abide by any order said court may make; it being understood that this writing does not prevent in any manner my rights to claim ownership of said hogs, or the proceeds thereof.

"J. O. Platt."

The petition contained allegations, in effect, that the plaintiff held a judgment against Baxter; that execution issued thereon, and was levied on the property referred to in the contract; that the contract in suit was executed; that the property was released to defendant by virtue thereof; that the execution had

been returned unsatisfied; that the defendant had sold the property and converted the proceeds to his own use, and refused to apply the proceeds to the satisfaction of plaintiff's judgment; and asks judgment for such application. The answer contains four divisions, three of which aver defensive matter, and the fourth, matter by way of counter-claim. A reply was filed, and the cause tried upon the issues thus presented. The district court gave judgment for the plaintiff, from which the defendant appeals.

*Goldsmith & Hart*, for appellant.

*Mason & Thomas*, for appellee.

GRANGER, J.—The errors assigned are as follows: "(1) The court erred in holding that the plaintiff has such an interest in the cause of action that he may maintain this action. (2) The court erred in holding that there is shown to be a good and valid consideration passing between the parties, sufficient to make the contract upon which this action is brought a valid contract. (3) The court erred in holding that there was sufficient evidence to support the finding of the court."

I. The first division of appellant's argument deals entirely with matters which appear on the face of the petition. The argument is introduced with these statements: "Plaintiff cannot maintain this action against the defendant. The petition does not contain allegations sufficient to constitute a cause of action in his favor." With the state of the record, we do not consider these questions. They go only to the sufficiency of the pleading. To the petition a demurrer was presented, which was overruled, and, without even excepting to the ruling, the defendant answered. This was a waiver of the objection. The demurrer presented a law issue as to the sufficiency of the petition. The judgment of the court on that issue was favorable to the petition, and that judgment stands conclusive until in some manner set aside, under the

1. PLEADING: answer after demurrer: effect.

provisions of the statute.    This rule has support in very many cases, and they are to be found in the note to section 2651 of the Code, in both McClain's and Miller's Annotated Editions of 1888.    The defendant, by taking issue on the allegations of the petition, thereby admits that they constitute a cause of action.    *Frentress v. Mobley*, 10 Iowa, 450.    Hence, after the answer was filed in this case, the trial proceeded upon the theory that the petition stated a cause of action, and it must be so treated on this appeal.

II.    The second assignment presents the question that the contract has no consideration to support it, the

2. CONTRACT: consideration: action by beneficiary.

precise point relied on being, as we understand, that there was no consideration as between the parties to the suit.    In the first division of this opinion it is held, under the state of the pleadings, that the petition shows a cause of action in favor of plaintiff.    If, therefore, the contract is supported by any consideration, it must be one on which plaintiff can maintain the action.    The contract is in writing, signed by the party, and imports a consideration.    Code, sec. 2113.    But it is said that the reply admits a want of consideration, and hence the fact is established by the pleadings.    The reply does not in any sense indicate to us such a meaning or purpose, but, on the contrary, clearly puts in issue the matters pleaded, both by way of defense and counterclaim.    In this connection appellant seems to regard the plaintiff as not a proper party to the suit, because not substituted by the court under the provisions of Code, section 2574, which has reference to actions against a sheriff or officer for the recovery of property taken on attachment or execution, and permits the party in whose favor the process issued to be substituted as defendant.    This is no such a proceeding.    It is an action by the party in whose favor the process issued, and not against an officer, or for the recovery of property.    It is true, it seeks to recover a part of the proceeds of certain property, but the right of recovery is based on an instrument in writing averring a breach

of the conditions thereof. Section 2552 of the Code is in these words: "When a bond or other instrument given to the state or county or other municipal corporation, or to any officer or person, is intended for the security of the public generally, or of particular individuals, suit may be brought thereon in the name of any person intended to be thus sued who has sustained an injury in consequence of a breach thereof." That the instrument in suit was intended as security for the plaintiff, in whose interest the execution issued and the property was seized, hardly admits of a doubt. The fact is apparent on the face of the instrument. That it was not a statutory bond or obligation makes no difference. *Garretson v. Reeder*, 23 Iowa, 21; *Sheppard v. Collins*, 12 Iowa, 570.

III. The remaining assignment is as to the sufficiency of the evidence to sustain the finding of the court. It is said that there is no material conflict in the evidence as to ownership of the property, and that it belonged to the defendant. We do not concur in this view. The evidence is decidedly conflicting as to the ownership, and the court below has found for the plaintiff. Under a well-recognized rule, we cannot interfere.                                         AFFIRMED