## SANGER vs HIBBARD.

### Opinion Delivered October 26, 1899.

*1. Minors—Attachment—Estoppel.*

A minor who purchases goods and mingles them with his own, and gives a dissolving bond upon the levy of attachment against such goods, cannot afterwards set up his infancy as a defense.

*2.  Minors—Disaffirmance.*

> A minor who wishes to disaffirm a contract must return the consideration, if in his possession when he elects to disaffirm.

*3.  Attachment—Dissolving Bond.*

> A dissolving bond stands in a place of the rem attached. Its effect is to eliminate the proof of the grounds for attachment, and the bond is answerable for whatever judgment is rendered.

Appeal from the United States Court for the Northern District.

W. M. SPRINGER, Judge.

Action by Hibbard Bros. against S. S. Sanger, Jr. Judgment for plaintiffs. Defendant appeals. Affirmed.

On November 9, 1894, plaintiffs below, appellees here, filed their complaint against the defendant below, appellant here, and alleged that defendant was indebted to them in the sum of $1,049.71 for goods, wares, and merchandise; made affidavit, and procured an attachment; and on November 14, 1894, same was levied "upon the stock of goods which defendant had purchased from various merchants, including plaintiffs." Other attachments were levied subsequently by other creditors, and on December 10, 1894, and before judgment, defendant gave a dissolving bond under section 337, Mansf. Dig. (section 359, Ind. T. Ann. St. 1899.) On May 4, 1895, defendant filed his answer, setting up that he did not become of age until August 19, 1895, and defendant subsequently, by S. S. Pears, his guardian ad litem, filed an amended answer to plaintiffs' complaint, saying plaintiffs ought not to have their action against defendant, because at the time of making the contract and promise set forth in complaint "he, the said defendant, was an infant within the age of 21 years, to wit, to the age of 20 years, and no more."

Since that time defendant has not had said stock of goods, or the proceeds thereof, in his possession or control. On October 14, 1897, plaintiffs demurred to defendant's answer, "for the reason that said answer does not state facts sufficient to constitute a valid defense in this action." On October 14, 1897, demurrer was heard by the court, and sustained. Defendant excepted, and refused to plead further. Thereupon judgment was rendered for the plaintiffs, and defendant appealed to this court.

*Fears & Bailey*, for appellant.

*Moseley & Smith* and *J. H. Gordon*, for appellees.

TOWNSEND, J. The complaint and affidavit for attachment were filed November 9, 1894, by plaintiff below, appellee here, and on same day attachment was issued, and on November 14, 1894, was levied upon a stock of goods, and on December 10, 1894, said stock of goods was sold by the marshal under order of the court, and on same day defendant below, appellant here, gave a dissolving bond, under section 337, Mansf. Dig. (section 359, Ind. T. Ann. St. 1899), and took down the proceeds of the sale. On May 4, 1895, defendant filed his plea of minority, and subsequently an amended answer was filed, but the date of filing of the amended answer is not shown by the record. October 14, 1897, demurrer was filed to the amended answer, which was sustained by the court. The appellant has filed one specification of error, which is as follows: "The court below erred in sustaining the demurrer to appellant's (defendant's) answer, and rendering judgment in favor of appellees (plaintiffs) against appellant (defendant.)" The complaint filed alleged "that the goods so sold are now in possession of defendant, and so intermingled with other goods that it is impossible to distinguish them." In the amended answer by

the defendant it is admitted "that on the 9th day of November, 1894, plaintiffs sued out a writ of attachment against defendant, and November 14, 1894, caused the same to be levied upon the stock of goods which defendant had purchased from various merchants, including plaintiffs." We understand the rule to be "that the minor must refund, if he elects to disaffirm, provided he has in his possession the consideration received by him when he elects to disaffirm." Harvey vs Briggs (Miss.) 8 South 274; Englebert vs Pritchett (Neb.) 26 Lawy. Rep. Ann. 177, and notes (s. c. 58 N. W. 852.) A dissolving bond simply stands in place of the rem attached, and its effect is simply to eliminate the proof of grounds of attachment, and the bond is to be answerable for whatever judgment is rendered. Ferguson vs Glidewell, 48 Ark. 195, 2 S. W. 711. Now, can an infant use the process of the court to get possession of the rem, dispose of it, and then come in and disaffirm the original contract, and thus escape with the proceeds, which he could not do if he had filed his disaffirmance when the attachment was levied? We know of no authority going to that extent. We do not think he can use the process of the court to make for himself a defense which he did not have when the suit was instituted. We think the judgment of the court below in sustaining the demurrer was correct, and it is therefore affirmed.

CLAYTON and THOMAS, JJ., concur.