## MOFFITT *et al.* v. GARRETT.

### No. 2186, Okla. T.   Opinion Filed March 9, 1909.

#### (100 Pac. 533.)

**ATTACHMENT—Bond Discharging Attachment—Liability of Obligor.**
An obligor on a bond to discharge an attachment, under the provisions of section 4404, Wilson's Rev. & Ann. St. Okla. 1903, conditioned that the defendant will perform the judgment of the court in the action in which the attachment ·is issued, is absolutely liable in an action against him on the 'bond for the amount recovered in the action in which the bond was given, without reference to the question whether the attachment was rightfully or wrongfully issued, and the defendant is precluded by such bond from controverting the grounds of the attachment.

(Syllabus by the Court.)

*Error from Probate Court, Oklahoma County.*

An action by I. D. Garrett against Carl L. Moffitt and others. Judgment for plaintiff. Defendants bring error. Affirmed.

On the 28th day of July, A. D. 1906, the defendant in error, as plaintiff, instituted his action in the probate court of Oklahoma county, territory of Oklahoma, against the plaintiff in error, C. L. Moffitt and L. R. Moffitt, as defendants, to recover the sum of $102.50, alleged to be due on an award of arbitrators between the said I. D. Garrett and C. L. Moffitt, and on the same day filed proper affidavit for attachment against both of said defendants, and writ of attachment was issued and levied on a certain stock of goods. After said levy had been made, the defendant Carl L. Moffitt, with L. A. Fightmaster as surety, executed the following bond:

"Territory of Oklahoma, County of Oklahoma—ss.: In the Probate Court in and for said County and Territory. I. D. Garrett, Plaintiff, v. C. L. Moffitt et al., Defendants. Undertaking to Discharge Attachment. Know all men by these presents, that we, the undersigned, are held and firmly bound unto I. D. Garrett, the plaintiff in the above-entitled action, in the penal sum of two hundred and five dollars ($205.00), lawful money of the

United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators and assigns, jointly and severally by these presents. The condition of the above obligation is such that whereas, the above-named plaintiff, I. D. Garrett, did on the 28th day of July, 1906, begin the above-entitled action against the above-named defendants, C. L. Moffitt and L. R. Moffitt, to recover the sum of one hundred two and 50/100 dollars ($102.50), and caused an attachment to be issued and levied upon the property of said defendants, and this bond is given for the purpose of having said attachment discharged, now therefore, if the said defendants shall perform the judgment of the court in the above-entitled action, and shall well and truly pay the amount of any judgment that shall be rendered against them in said action, then this obligation to be void, otherwise to remain in full force and effect. Witness our hands this 30th day of July, A. D. 1906. Carl L. Moffitt, Mrs. L. A. Fightmaster.

"Taken and approved this 30th day of July, A. D. 1906. W. P. Harper, Probate Judge."

That after the approval of said bond said attachment was discharged, and the goods levied on thereunder delivered to and placed in possession of L. R. Moffitt, by and with the consent of the said defendant Carl L. Moffitt. The affidavit for said attachment was made before Wm. P. Harper, judge of the probate court, on the 28th day of July, A. D. 1906, and said officer in attesting said affidavit failed to affix the seal of said court thereto. On the 28th day of September, A. D., 1906, said cause was tried by a jury and verdict returned in favor of the plaintiff in the sum of $102.50. Afterwards judgment was entered in accordance with the verdict against the said defendant C. L. Moffitt, and in favor of the defendant L. R. Moffitt for his costs. Afterwards, on the 20th day of December, A. D. 1906, said plaintiff, I. D. Garrett, instituted his action in said court against said defendant Carl L. Moffitt, and his surety, L. A. Fightmaster, on said bond. On the 28th day of June, A. D. 1907, the cause came on for hearing before the court without a jury, at which time said findings were made, and also judgment was rendered against both of the defendants, Carl L. Moffitt and L. A. Fightmaster, for the amount

of said judgment, $102.50, and costs and interest   The record recites that the court finds that prior to the beginning of said action, and the levying of said attachment ancillary thereto, the defendant C. L. Moffitt had sold the goods thus levied on to the said  L. R. Moffitt, and at the time of said levy and the execution of said discharging bond they were the property of the said L. R. Moffitt.   And, further, as conclusions of law, that the defendant L. A. Fightmaster, surety on said bond, was estopped to show that the allegations in said attachment affidavit were not true, or that the ownership of the property, at the time of the levying of the attachment and the giving of said bond, was in the said L. R. Moffitt.   Motion for a new trial was made in due time, and an appeal prosecuted by petition in error to the Supreme Court of the territory of Oklahoma, and, by virtue of the provisions of the Enabling Act and the schedule to the Constitution, is now properly before this court for review.

*John L. Jenkins,* for plaintiffs in error.

*J. L. Brown,* for defendant in error.—The bond in question having been executed under section 4404, and not under section 4374, Wilson's Rev. & Ann. St. 1903, the attachment was discharged, and the rightfulness or wrongfulness of the attachment became immaterial: *Eddy v. Moore,* 23 Kan. 114; *Winton v. Myers,* 8 Okla. 421; *Myers v. Smith,* 29 Ohio St. 120; *Austin v. Burgett,* 10 Iowa, 302; *Songer v. Hibbard* (Ind. T.) 53 S. W; *Ferguson v. Glidwell* (Ark.) 2 S. W. 711; *Brady v. Onffrey* (Wash.) 79 Pac. 1006; *Eudress v. Ent.,* 18 Kan. 239; *Greenville Bank v. Evans* (Okla.) 60 Pac. 262; *Lovier v. Gilpin,* 6 Dana (Ky.) 321; *Fox v. McKenzie,* 1 N. D. 298; *Gardner v. Donelly,* 86 Cal. 367; *Bunneman v. Wagner,* 16 Or. 433.

WILLIAMS, J.  (after stating the facts as above).   Section 4404 (chapter 66, art. 11, § 206) Wilson's Rev. & Ann. St. 1903, provides:

"If the defendant, or other person on his behalf, at any time before judgment, causes an undertaking to be executed to the plaintiff, by one or more sureties, resident in the county, to be

approved by the court, in double the amount of the plaintiff's claim as stated in his affidavit, to the effect that the defendant shall perform the judgment of the court, the attachment in such action shall be discharged, and restitution made of any property taken under it or the proceeds thereof. Such undertaking shall, also, discharge the liability of a garnishee in such action, for any property of the defendant in his hands."

The bond upon which the action was brought in the lower court was made by virtue of said section, and the sole question involved in this record is whether or not the undertakers on such bond are bound to perform the judgment of the court, by paying such judgment, regardless of whether or not the attachment was rightfully brought, or the property seized belonged to the defendant in the attachment writ. Section 52 of the justice's act (Gen. St. Kan. 1868, p. 787, c. 81), is exactly the same as section 4404, *supra*. In the case of *Endress v. Ent,* 18 Kan. 239, Mr. Chief Justice Horton, in delivering the opinion of the court, said:

"It is insisted by the defendants that the undertaking was intended as a forthcoming bond, as described in section 33 of the justice's act (Gen. St. 1868, p. 782), and they cite the action of the justice in overruling the motion of Ent to discharge the attachment. The bond is very dissimilar from the undertaking required by section 33, and cannot by us be construed into an undertaking that the property attached in this action, or its appraised value in money, should be forthcoming to answer the judgment of the court. The constable did not take the bond in question, and no appraisement was had. It was approved by the justice, and filed by him, and thereupon the property was left with Ent by the order of the justice. At the time Ent made the motion to discharge the attachment, there was in fact no attachment in the case to be discharged; the attachment issued and levied having been previously discharged by virtue of the acceptance of the justice of the undertaking given by the defendants, and the release of all the property thereon to Ent. Upon the rendition of the judgment no order was made to sell the attached property, and this shows that the justice considered the undertaking conditioned for the payment of the judgment or its value in money, on the day of sale. Afterward the same justice rendered judgment on the undertaking in this action against the

Vol .23—26

defendants, thus conclusively proving that he treated the undertaking as given in pursuance of said section 52, and not under section 33."

See, also, *Winton v. Myers,* 8 Okla. 421, 58 Pac. 634.

Similar provisions to those contained in section 4374, 4404, Wilson's Rev. & Ann. St. 1903, are found in the Ohio Code. In *Myers v. Smith,* 29 Ohio St. 120, an attachment was issued, and the defendant executed a bond to the effect that he would perform the judgment of the court. It was held that the effect of the bond was to supersede all proceedings under the attachment, and to bind the sureties on the bond to perform the judgment that might be recovered against him in the action.

In *McAllister v. Eichengreen,* 34 Md. 54, the Court of Appeals of Maryland, under a similar bond, held to like effect. Also in *Austin v. Burgett,* 10 Iowa, 302; *Inman v. Strattan,* 4 Bush (Ky.) 445, and *Hazelrigg v. Donaldson,* 2 Metc. (Ky.) 445, the courts have held to the same effect. New York, Illinois, Wisconsin, Missouri, Michigan, Minnesota, Texas, Arkansas, Washington, Rhode Island, California, Oregon, North Dakota and South Dakota have, or have had, statutes containing substantially the same provisions as are contained in sections 4374 and 4404, *supra.* The courts in these states have held that the execution of a bond under and in accordance with these statutes estops the defendant from controverting the attachment, and renders the obligors in the bond absolutely liable for the amount of any judgment the plaintiff recovers in the action, without reference to the question whether the attachment was rightfully or wrongfully sued out. *Haggart v. Morgan,* 5 N. Y. 428, 55 Am. Dec. 350; *Coleman v. Bean,* 42 N. Y. 94; *Delany v. Brett,* 4 Rob. (N. Y.) 712; *Bildersee v. Aden,* 62 Barb. (N. Y.) 175; *Dierolf v. Winterfield,* 24 Wis. 143; *Payne v. Snell,* 3 Mo. 409; *Paddock v. Matthews,* 3 Mich. 18; *Kennedy v. Morrison,* 31 Tex. 220; *Ferguson v. Glidewell,* 48 Ark. 195, 2 S. W. 711; *People v. Cameron,* 2 Gilman (Ill.) 468; *Hill v. Harding,* 93 Ill. 77; *Sanger v. Hibbard,* 2 Ind. T. 547, 53 S. W. 331; *Rachelman v. Skinner,* 46

Minn. 196, 48 N. W. 776; *Brady v. Onffroy,* 37 Wash. 482, 79 Pac. 1004; *Easton v. Ormsby,* 18 R. I. 309, 27 Atl. 216; *Gardner v. Donnelly,* 86 Cal. 367, 24 Pac. 1072; *Bunneman v. Wagner,* 16 Or. 433, 18 Pac. 841, 8 Am. St. Rep. 306; *Fox v. Mackenzie,* 1 N. D. 298, 47 N. W. 386; *McLaughlin v. Wheeler,* 1 S. D. 497, 47 N. W. 816.

It is the theory of a great many of the adjudicated cases, under such statutory provisions, that the bond becomes an unconditional contract or promise to pay whatever judgment may be rendered against the defendant upon the merits of the case, and does not depend upon the regularity of the attachment branch of the case; that the consideration for the promise to pay the judgment is the immediate release of the attached property; that the giving of the bond effects the immediate discharge of the attachment and the release of the property, and the bond then becomes security for any judgment that shall be rendered against the defendant. The following authorities appear to support the contrary rule, to wit: *Lehman v. Berdin,* 5 Dill. 340, Fed. Cas. No. 8,215; *Bates v. Killian,* 17 S. C. 553; *Love v. Voorhies,* 13 La. Ann. 549. But the overwhelming weight appears to be in favor of the rule that where, under a statute similar to section 4404, *supra,* a party causes a bond to be executed in order to have discharged from attachment property levied on under such writ, providing that the defendant shall perform the judgment of the court, where an affidavit and bond have been executed for the issuance of such writ, after judgment has been rendered against the defendant in such action, the obligors in the bond are precluded and estopped from traversing the truth of the allegations of the affidavit, or setting up that the defendant in the attachment was not the owner of the property levied on.

The judgment of the lower court is affirmed.

All the Justices concur.