Brown *v.* Atwell.

from arrest on execution. Among other fees, the officer charged $1,00 for travel from Augusta, without stating the distance ; also $3,20 for dollarage, although he collected no part of the execution, except by taking the bond in suit. Those items made a part of the amount, which being doubled, constituted the penal sum of the bond. A default was entered, subject to the opinion of the court.

Shepley, C. J. presided at the trial.

*Gilbert*, for defendants. The law allows dollarage only on sums *collected*. Here the officer *collected* nothing. The case does not show that the unlawful charges were included by " mistake, accident or misapprehension ;" nor can a presumption to that effect be raised. The court will not take notice of the distance from Augusta. The obligation sued can therefore be valid, not as a statute bond, but only at the common law, and the defendant is entitled to be heard in damages.

*Tallman*, for plaintiffs.

---

## Brown *versus* Atwell & *al.*

Receiptors for property attached in a suit, wherein judgment has been rendered against the defendant, are bound by the judgment. They are not permitted to impeach it.

Even if there were no judgment, the officer is accountable for the property; and the receiptors, being merely his bailees, are accountable to him.

Exceptions from the District Court, Rice, J.

Assumpsit on a receipt for a vessel's wheel, which the plaintiff, as an officer, had attached on a justice's writ, sued upon an account annexed, wherein judgment had been recovered in the county of Lincoln, against the original defendant.

The defences necessary to be here mentioned were the following : —

*First.* There was no legal service of the writ in the original suit, in which the wheel was attached.    This the officer, who served the writ, has in writing admitted.

*Second.* The justice, who rendered the judgment in that suit had not jurisdiction, as the residence of the original defendant was not in the county of Lincoln, but in the county of Penobscot ; and no service had been made upon him in Lincoln.

*Third.* The promise, declared on in the original writ, was without valid consideration.

*Fourth.* The judgment in the original suit was obtained by the fraudulent collusion of the plaintiff with others.

The court ruled that the defences above mentioned, could not avail these defendants.

*Lowell*, for defendants.

When the record of a judgment *inter alios*, is introduced, any party to whom it may be prejudicial, may, by plea and proof, show that the court rendering it had no jurisdiction ; or, if it had jurisdiction, that there was illegality in its proceedings.    9 Mass. 462 ; 2 Metc. 114 ; 2 Metc. 135 ; 6 Pick. 483 ; 23 Maine, 24 ; 26 Maine, 294 ; 27 Maine, 548 ; *Caswell* v. *Caswell*, unreported, Lincoln county, 1849 ; 2 Ann. Dig. of 1848, 233, § 41, 42 ;  1 Ann. Dig. of  1847, 318, § 29, 30 ; 2 Sup. U. S. Dig. 223, 224, § 139, 141, 147.

*Bulfinch*, for plaintiff, was stopped by the court.

TENNEY, J., orally. — The admission of the officer, who made the service, cannot affect the judgment in the manner contended for by the defendants.    This case is clearly distinguishable from those relied on in the argument.    So far as

the record shows, the justice had jurisdiction and the judgment was properly rendered. The defendants are bound by the judgment, until it be reversed. The defendants had no rights in the wheel, except what they derived from the officer. They are his bailees, and are not permitted to invoke the illegalities of the judgment. Whether the judgment were rightful or wrongful, or there were no judgment at all, the *officer* is bound to account for the property.

*Exceptions overruled.*