HENRY D. HUFF, JOHN BULLEN, AND SAMUEL HALE, PLAINTIFFS IN ERROR, v. CHAMPION J. HUTCHINSON, WHO SUES FOR THE USE OF WILLIAM W. HURLBUT, JOSEPH A. SWEETZER, PHILIP VAN VALKENBURGH, AND GEORGE S. PHILLIPS.

Where the marshal of the District of Wisconsin attached property at the suit of creditors in New York, and then gave it up upon the execution of a bond to himself, for the use of those creditors, it was within the jurisdiction of the District Court of the United States for Wisconsin, to entertain a suit by the marshal, suing upon the bond for the New York creditors, against the claimants in Wisconsin, although both parties resided in the same State.

The name of the marshal was merely formal; the real plaintiffs were averred to be citizens of New York.

It was not a good exception upon the ground of variation between the evidence and declaration, that the latter stated the bond to have been given to Hutchinson as marshal of the District of Wisconsin, and the former said the State of Wisconsin. They mean the same thing.

Judgment having been rendered for the plaintiffs in the attachment, by a court having jurisdiction over the subject, it was too late to object to those proceedings in a suit upon the bond, in which they were collaterally introduced.

The bond given to the marshal was in conformity with the statute.

Huff et al. *v.* Hutchinson.

The objections, that the declaration on the bond did not show the jurisdiction of the court in the attachment suit; that the verdict was entered for the amount due instead of the penalty of the bond, and that the recovery was for a sum greater than was claimed by the *ad damnum* in the declaration, were not sufficient for a new trial.

THIS case was brought up, by writ of error, from the District Court of the United States for the District of Wisconsin.

The facts are stated in the opinion of the court.

It was argued by *Mr. Chatfield*, for the plaintiffs in error, and by *Mr. Lee* and *Mr. Seward*, for the defendants in error.

Mr. Justice McLEAN delivered the opinion of the court.

This case is brought before us by a writ of error from the District Court for the District of Wisconsin.

The action was commenced on a bond given by the plaintiffs in error to Champion J. Hutchinson, United States Marshal, for the State of Wisconsin, and his successor in office, in the penal sum of five thousand six hundred dollars, for the payment of any judgment within sixty days after its rendition, in a suit which William Hurlbut and others had commenced in the District Court, against Huff, by attachment, and in which a judgment was rendered for the plaintiffs, for two thousand eight hundred and eighty-four dollars and forty-eight cents, and costs.

To the declaration the defendants pleaded in abatement, that at the commencement of the suit, Huff, Bullen, and Hale, were citizens of the State of Wisconsin, and that the said Champion J. Hutchinson was also a citizen of the same State.

To this plea a demurrer was filed; and the District Court sustained the demurrer.

The declaration stated that Hutchinson, late marshal, sues for the use of William W. Hurlbut, Joseph A. Sweetzer, Philip Van Valkenburgh, and George S. Phillips, citizens of the State of New York, plaintiffs. The bond was given to the marshal in pursuance of the statute of Wisconsin, regulating proceedings against debtors by attachment, and the name of Hutchinson was merely formal, as he had no interest in the suit. The real plaintiffs were those named in the declaration, for whose use the suit was brought, and who are averred to be citizens of New York.

The District Court did not err in sustaining the demurrer. In McNutt *v.* Bland & Humphreys, (2 How. 10,) this court held, in such a case, the Circuit Court had jurisdiction.

After the demurrer was sustained, the defendants filed a plea of *nil debet.*

On the trial, a bill of exceptions was taken to the rulings of the court, which will now be considered.

The first exception was to the introduction of the bond as evidence, because it varied from the declaration. The alleged variance consisted in this: The declaration states the bond to have been given to Hutchinson, as marshal of the District of Wisconsin, and in the bond he is described as the marshal for the State of Wisconsin. As the State of Wisconsin is the same in fact and in law, as the District of Wisconsin, there was no variance.

Objection was made to the introduction of the writ of attachment in evidence, on the same ground of variance as above stated to the bond. There was no necessity of introducing this evidence, as the condition of the bond referred to the judgment to be obtained, but the court did not err in admitting it.

Other objections were made to the affidavit on which the attachment was issued, to the return of the writ, &c. These objections were unsustainable. The court had jurisdiction of the writ by attachment, and the judgment obtained in that case was collateral to a suit on the bond. ' Objections, therefore, could not be made to the proceedings in attachment, however erroneous they might be.

In the case of Voorhees et al. *v.* The Bank of the United States, (10 Pet. 449,) this court say, " So long as this judgment remains in force, it is in itself evidence of the right of the plaintiff to the thing adjudged, and gives him a right to process to execute the judgment. The errors of the court, however apparent, can be examined only by an appellate power." That was a procedure by attachment, and there were many errors on the face of the record, which would have required an appellate court to reverse the judgment; but they could not be considered when the record of the judgment was introduced collaterally.

It was objected that the bond did not pursue the statute. 1. That it should have been in double the amount of the goods attached. 2. That the bond described in the declaration is in the penalty of $5,600, to pay whatever judgment should be obtained. The 13th section of the statute, which regulates the giving of the bond, provides that " it may be in a penalty of double the amount specified in the affidavit, annexed to the writ, as due to the plaintiff, conditioned for the payment of any judgment which may be recovered by the plaintiff in the suit commenced by such attachment, within sixty days after such judgment shall be rendered." The bond is within the statute.

The bond being given in the name of Hutchinson, as marshal, and his successor in office, the suit is well brought in the name of Hutchinson, though he has been succeeded in office by another. The name of the obligee being used as matter of form, the

action may be brought in the name of the late marshal or his successor.

Several grounds were taken in arrest of judgment.

1. Because the declaration on the bond, does not show that the District Court had jurisdiction in the attachment suit. Such showing was unnecessary, as that court had general jurisdiction of such cases.

2. Because the verdict is informal, in being entered for the amount due, when it should have been for the penalty of the bond. This is a mere informality, and no ground for arresting the judgment.

3. Because the recovery is for a sum greater than is claimed by the *ad damnum* in the declaration. The action was debt, and the damages laid were only required to cover the interest.

There was no error in the District Court in overruling the motion in arrest of judgment.

The judgment of the District Court is affirmed.

### *Order.*

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Wisconsin, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged, by this court, that the judgment of the said District Court in this cause be, and the same is hereby, affirmed, with costs, and interest until the same is paid, at the same rate per annum that similar judgments bear in the courts of the State of Wisconsin.