## SUPREME COURT.

CHARLES CRUYT, Respondent agt. JOHN PHILLIPS, Appellant.

In pleading an attachment, it is not necessary to show its regularity in order to show jurisdiction in the officer issuing it, and jurisdiction is all that need be pleaded.

In an action on an undertaking on attachment in a court of general jurisdiction, it is unnecessary even to allege jurisdiction. It is enough to allege the pendency of such a suit; the jurisdiction of the officer to issue the attachment not depending upon the truth or sufficiency of the facts upon which the attachment was granted, but upon the jurisdiction of the court in which the suit was brought, and the order made.

*Kings General Term, February,* 1858.

APPEAL from judgment of city court of Brooklyn, overruling demurrer of defendant to complaint of plaintiff.

This action was originally commenced in the city court of Brooklyn, by Charles Cruyt, plaintiff, against William F. Schmidt and John Phillips, defendants. The complaint was as follows : The complaint in this action respectfully shows, that on or about the 13th day of September, 1854, an attachment issued out of the supreme court, in an action commenced by Charles Cruyt, the plaintiff herein, against Paul M. Biebuyck, to recover, First, the proceeds of the sale of certain goods, laces and embroideries of the plaintiff, and damages for the conversion of said Biebuyck to his own use of certain other goods, laces and embroideries of said plaintiff; second, for money lent by said plaintiff to said Biebuyck on his own request; and third, for money due by said Biebuyck to said plaintiff; that afterwards, and on or about the first of November, 1854, the said Biebuyck having appeared in said action, and being about to apply for a discharge of said attachment, the defendants herein, William F. Schmidt and John Phillips, undertook in the sum of $1,700, that they would, on demand, pay to the plaintiff, said Cruyt, the amount of the judgment which might be recovered against said Biebuyck in that action, not exceeding said last-mentioned amount; that said attachment was thereupon discharged, and that subsequently, and on the 5th of July, 1855, said plaintiff recovered a judgment against said Biebuyck, in said action, for $416.40 damages and costs, as appears by the record and docket thereof, duly entered and docketed, July 5th, 1855, in the county clerk's office of Kings county ; that the said Biebuyck has not paid the amount of said judgment, or any part thereof; that a demand of payment thereof to said plaintiff was duly made of said defendants, on or about the 15th day of March, 1856, which they and each of them refused ; and that they have never paid the same, or any part thereof, to said plaintiff, although often requested and demanded so to do, but are justly indebted to the plaintiff, by reason of the premises, in the sum of $416.40, with interest thereon from July 5th, 1855.

Wherefore, &c., the defendants demurred to the complaint, for want of sufficient facts to constitute a cause of action. The

demurrer being overruled and judgment entered thereupon, the defendant Phillips, appealed therefrom to the general term of this court.

J. D. DUNN, *for appellant*, made and argued the following points:

*First.* Prior to the Code, it was necessary in pleading the proceedings of inferior courts or officers of special jurisdiction, to state the facts conferring jurisdiction. (*Cleveland* agt. *Rogers*, 6. *Wend.* 438; *Cornell* agt. *Barnes*, 7 *Hill*, 36, *and* \* *note; The People* agt. *Koeber*, 7 *Hill*, 39; *Barnes* agt. *Harris*, 3 *Barbour*, 603.)

*Second.* The Code contains no provision dispensing with this necessity, except that which is embraced in section 161, which is as follows: " In pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been *duly* given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction."

*Third.* The officer issuing a warrant of attachment, is an officer of special and limited jurisdiction.

1st. The power to issue an attachment is derived from special statute. (*Code*, § 228.)

2d. The act of issuing an attachment is not the act of the court as such, but the act of the judge from whom the warrant is obtained, who may be either a judge of the court in which the action is brought, or a county judge. (*Code*, § 228.)

3d. The act of issuing an attachment is an act done out of court, and a justice of the supreme court, like any other officer when acting out of court, is an officer of limited jurisdiction. (13 *Howard's Rep. p.* 374.)

*Fourth.* The complaint in this action is bad, inasmuch as it neither sets up the facts necessary to confer jurisdiction upon the officer who issued the attachment, nor does it state that an attachment was duly issued.

HOWARD C. CADY, *for respondent*, made and argued the following points:

*First.* The.complaint sets forth that an attachment issued out of the supreme court, in an action commenced to recover, among other things, for the conversion of goods of the plaintiff; that defendants appeared and undertook on discharge of such attachment, to pay judgment, if recovered, on demand; that the attachment was thereupon discharged; that judgment was subsequently duly entered, &c., thereupon a demand made, and that judgment remains unpaid; the record and docket are also set up.

This is sufficient. (*Slack* agt. *Heath*, 1 *Abbott's Pr. R.* 334; *Ward* agt. *Begg*, 18 *Barb. S. C. R.* 142; *Loomis* agt. *Brown*, 16 *Barb. S. C. R.* 330.)

Per GRIDLEY.—" The complaint sets forth the nature of the suit so far as to show that an injunction was granted in it by a justice of this court, * * it was * * commenced * * issues joined * * and a judgment rendered therein. This is a sufficient statement."

*Second.* As to jurisdiction, the " attachment issued out of the supreme court," and that court has general jurisdiction; and as to whether facts showed a case for an attachment, it has been decided that " an attachment under the Code is an order issued as a judicial determination, from the facts, that the case is one in which an attachment should be granted." Therefore, it is not necessary to set up those facts; their sufficiency must be presumed. *(Genin* agt. *Thompkins*, 12 *Barb. S. C. R.* 287.)

*Third.* The parties to the undertaking are precluded thereby as to these questions of jurisdiction or fact. They have made their undertaking and limited the same to three points:

1st. As to whether judgment has been recovered, and it is alleged that the same was duly entered, and the judgment and its docket are set up.

2d. Whether it is unpaid, and that is alleged; and,

3d. Whether there has been a demand, and that is alleged. (*Loomis* agt. *Brown*, *id*; *Haggart* agt. *Morgan*, 1 *Seld.* 428; *The People* agt. *Falconer*, 2 *Sandf. R.* 81, *and cases cited.*)

Per SANDFORD.—"The execution of the (administrator's) bond precludes both principals and sureties from gainsaying the surrogate's jurisdiction, in any proceedings for the assets which the appointment and bond have enabled the principal to receive."

*Fourth.* The 161st section of the Code is not applicable here. This judgment was not that of a court or officer of *special* jurisdiction.

The words "duly or in pursuance of statute," may be used where provided for by statute, but they add nothing elsewhere in pleading. They were not facts. (*Shaw* agt. *Tobias*, 3 *Com.* 188)

By the court—EMOTT, Justice. An attachment in an action in this court, is not process by which a suit is commenced, but merely a provisional remedy. In this respect it is like an injunction. It has, therefore, been held that the statements in the affidavits on which an attachment is issued, are not jurisdictional facts; that the attachment is not void if the statements are insufficient, and that any defects in the affidavits may be supplied on a motion to set aside the attachment. The jurisdiction is conferred by the commencement of the suit, all afterwards is a question of regularity or of the discreet exercise of power. In pleading an attachment, therefore, it is not necessary to show its regularity in order to show jurisdiction in the officer issuing it, and jurisdiction is all that need be pleaded.

Again; the attachment is an order of a judge acting as an officer of a court of general jurisdiction, and made under the jurisdiction of the court acquired by the commencement of a suit. Nothing but the commencement of the suit was needed to confer the jurisdiction, and as the suit in this case was in a court of general jurisdiction, it is unnecessary even to allege this.

At all events, it is clear, that as the jurisdiction of the officer to issue the attachment did not depend upon the truth or sufficiency of the facts upon which the attachment was granted, but upon the jurisdiction of the court in which the suit was

brought and the order made, it is enough to allege the pendency of such a suit. If it were otherwise, as the question of jurisdiction is certainly an issuable question, no allegation is necessary in a pleading which is not material and traversable. (*Ensign* agt. *Sherman*, 14 *How*. 439.) Upon a traverse by the defendant of such an allegation as his demurrer calls for, the sufficiency and the truth of all the statements on which the attachment was allowed, could be inquired into in this collateral action. That is, in an action on an attachment bond, the jurisdiction of the officer who granted the attachment must be stated and shown by pleading and proving the correctness of his decision in granting it. Such a rule of law or pleading would be intolerable.

The judgment of the city court is correct and should be affirmed.