### MICHAEL SCANLAN vs. DANIEL O'BRIEN.

#### April 12, 1875.

Bond to Dissolve Attachment, without Sureties.—When an officer has levied upon personal property, upon a writ of attachment, and under § 95, ch. 65, Gen. Stat., a bond is given, and possession of the property thereby obtained from the officer, the obligors in the bond cannot object that there are no sureties in it.

Same—Obligor cannot question Validity of Levy.—The obligors in such a bond, when sued upon it, cannot question the validity of the officer's levy.

Appeal by defendant from a judgment of the district court for Fillmore county, *Page,* J., presiding, entered pursuant to an order sustaining a demurrer to the answer.

*H. R. Wells,* for appellant.

*N. P. Colburn,* for respondent.

GILFILLAN, C. J. This plaintiff commenced an action before a justice of the peace against one John Carlin, in which an attachment issued against the property of Carlin. The officer executed the writ by attaching certain personal property of Carlin. This defendant and P. Griffith procured a delivery of the property to Carlin, by executing a bond to the plaintiff, conditioned that the property should be forthcoming when and where the justice should direct, and to abide the judgment of the justice. The plaintiff recovered, in that action, a judgment against Carlin, whereupon the justice made an order directing this defendant and Griffith to deliver the property to the officer, which they failed to do, whereupon this action is brought on the bond.

The answer alleges that the property was exempt, and that the officer got possession of it by forcibly and unlawfully entering the dwelling of Carlin. To this answer a demurrer was interposed, and sustained by the court below.

The bond was executed by the obligors as principals, without any sureties. The statute, § 95, ch. 65, Gen. Stat., provides that the bond shall be with sureties, and it is insisted that the bond is void because it has none. The plaintiff in the action might have complained of the officer for taking a bond without sureties; but the obligors cannot object to the bond on that ground. *Shaw* v. *Tobias*, 3 N. Y. 188; *Smith* v. *McFall*, 18 Wend. 521; *Whaling* v. *Shales*, 20 Wend. 673. The statute does not define the rights of the parties to such a bond. We think it analogous to the receipt, formerly in use in similar cases, and that the rules applicable to such receipts should be applied to these bonds. In those cases, the rule was that the party receipting to the officer for the goods, could not, when called on to deliver them to the officer, deny that he had made a valid levy under his writ. *Jewett* v. *Torrey*, 11 Mass. 219; *Lyman* v. *Lyman*, 11 Mass. 317. It was not, therefore, for the obligors in this bond, when directed by the justice to deliver the goods to the officer, to set up that the goods were exempt in favor of the defendant in the writ, nor that the officer committed a trespass in making the levy.

The judgment below is affirmed.