## Jason C. Easton *vs.* Benjamin F. Goodwin.

### March 20, 1876.

**Defendant Receipting for Property Attached is Estopped to Deny his Title Thereto.**—A sheriff levied an attachment on certain goods as the property of defendant, who thereupon gave a receipt, and retained possession of the same. Defendant, in such receipt, admitted the property to be his, and its value to be $800.00. Subsequently he moved to set aside the levy on the ground that he had no attachable interest in the property. *Held*, that the sheriff had the right to rely upon the truth of the admissions in the receipt, and, having acted thereon, defendant was thereafter estopped from asserting the contrary.

Appeal by defendant from an order of the district court. for Faribault county, *Dickinson*, J., presiding, denying a motion to set aside the levy of an attachment. The grounds of the motion were : 1. That the goods attached belonged to the firm of Royce & Goodwin, in which the defendant was a partner, and that the firm property was insufficient to pay the firm debts. 2. That the attachment was levied on the partnership property, and not on defendant's interest therein. 3. That the defendant had no attachable interest in the property. 4. That the goods attached were not attached as defendant's property. The plaintiff relied on the receipt set forth in the opinion.

*M. J. Severance, Benj. G. Reynolds*, and *C. H. Radford*, for appellant.

*Andrew C. Dunn*, for respondent.

CORNELL, J. After the sheriff had taken into his custody the property levied upon under the writ of attachment, at the request of defendant and his partner, Royce, he surrendered up the possession of the same to them on July 24, 1874, upon their causing to be executed and delivered to him the following receipt:

"We have this day received from A. B. Davis, sheriff of Faribault county, the goods and chattels mentioned and described in the inventory hereto annexed, the same being the goods of Benjamin F. Goodwin, attached in suit of Jason C. Easton *v.* B. F. Goodwin, said Goodwin being the owner of the equal undivided half part of the same, and Charles Royce being the owner of the other half, and which interest of said Goodwin in said goods is hereby fixed and agreed upon as of the value of eight hundred dollars; and we agree with the said Davis, sheriff, that the said goods shall be delivered to him, the said sheriff, whenever he shall demand the same of us; and, in case of our failure to deliver the same, we will pay said Davis the sum of eight hundred dollars as and for the value of said Goodwin's interest in the same.

| *Witness,* | JOHN ROBBINS, |
| GEO. K. MOULTON, | BENJAMIN F. GOODWIN, |
| A. B. DAVIS. | CHAS. R. ROYCE." |

Dated July 24, 1874.

Nine months after this defendant moved to set aside the levy, and to discharge the goods from the attachment, on the ground that the same were partnership property, belonging to the firm of Royce & Goodwin, of which defendant and the said Charles R. Royce were equal partners, and that said firm was at the time of the levy actually insolvent, inasmuch as its then liabilities exceeded its assets, and the defendant had at the time no separate interest therein

which was subject to an attachment in favor of his individual creditors.

Upon the uncontroverted facts in the case neither defendant nor his partner, Royce, can be heard to interpose any such objection upon this motion. The sheriff levied upon the undivided half of certain goods, found in the joint possession of defendant and Royce, as the property of defendant, and took possession of such goods under and by virtue of his writ and levy. No intimation seems to have been given to the officer at the time of his levy, by either defendant or Royce, that these goods belonged to them as partners, or that there were any outstanding claims or obligations against them as partners. Not only was the defendant's ownership of the property seized under the attachment expressly admitted by them in their receipt to the sheriff, but the extent and value of defendant's interest therein was fixed upon and agreed at $800.00, which sum they agreed to pay to the sheriff upon their failure to deliver the goods on demand. The officer had the right to rely, as he did, upon the truth of the statements and admissions contained in the receipt, and to omit making any further enquiries as to property belonging to defendant whereon to levy his writ. By taking the receipt and surrendering the property he became at once responsible to the plaintiff for its full stipulated value, so far as might be necessary to satisfy any judgment which he might obtain in the action, and the execution issued thereon. *Cornell* v. *Dakin*, 38 N. Y. 253. Having thus, by his own voluntary act, induced the sheriff to rely and act upon the validity and sufficiency of his levy, defendant cannot afterwards, to the prejudice of the officer, be permitted to contest its validity on grounds inconsistent with the truth of his admissions contained in the receipt. *People* v. *Reeder*, 25 N. Y. 302; *Dezell* v. *Odell*, 3 Hill, 215; *Scanlan* v. *O'Brien*, 21 Minn. 434. Hence the motion which he made was properly denied.

As this disposes of the case, the question whether the interest of one partner in the firm property can be made subject to an attachment in favor of his individual creditor need not be considered.

Order affirmed.