JOHN S. BANGS *vs.* HENRY H. BEACHAM.

Androscoggin.    Decided September 24, 1878.

*Bailment.   Officer.   Receiptor.*

The receiptor of property attached is bound to surrender it to the attaching officer, on seasonable demand, whether there has been a judgment in the suit on which the attachment was made, or not.

The officer, as representing attaching creditors, may impeach a fraudulent judgment; but the receiptor cannot.

ON REPORT.

ASSUMPSIT on a receipt given by the defendant to the plaintiff, as an attaching officer, for goods attached in a suit of *Gilman M. Keyes* v. *Rebecca J. Parker,* brought under R. S., c. 113, § 51, for knowingly aiding and assisting a debtor, Clement Parker, in a fraudulent transfer of his property to secure it from his creditors, and particularly from Keyes. The defendant offered to show that there were then pending in this court, cross suits between Keyes and Clement Parker, to determine whether said Parker is indebted to Keyes; that the suits, together with the suit of *Keyes* v. *Rebecca J. Parker,* were entered in this court at the April term, 1876; that Rebecca employed attorneys to defend the suit against her; that prior to the April term, 1877, she discharged

her attorneys and employed another attorney, who came into court and consented to a default in her case, for the amount of the officer's receipt; that attorneys for the receiptor offered to appear and defend his rights. The presiding justice declined to allow them to appear, and ordered judgment for the plaintiff.

The defendant offered further to show that Clement Parker was not indebted to Keyes, and that the judgment was obtained by the fraud and collusion of Rebecca with Keyes, for the purpose of creating a liability against Beacham, as receiptor, and that Keyes agreed not to enforce the judgment against Rebecca.

If the law court are of opinion that the foregoing facts would be admissible in evidence and constitute a defense, then the action is to stand for trial; otherwise, defendant to be defaulted.

*W. P. Frye, J. B. Cotton & W. H. White* with *S. M. Carter*, for the plaintiff.

*L. H. Hutchinson, A. R. Savage & F. D. Hale*, for the defendant.

APPLETON, C. J. The plaintiff, a deputy sheriff, attached, on a writ *Gilman M. Keyes* v. *Rebecca J. Parker*, certain personal property, which he placed in the defendant's hands for safe keeping and for which he took his receipt. Judgment having been rendered in that suit, he demanded seasonably of the defendant the property delivered him, which not being given up, this action is brought.

The defendant is the mere bailee of the plaintiff. He is bound to surrender the property on seasonable demand, whenever the plaintiff may require it, whether there has been a judgment in the action in which the attachment was made or not. He has no interest in the property bailed by which he can retain it as against the bailor. His contract is with the officer attaching, and with no one else. The officer has a right at any moment to the possession of the property, that he may be ready to restore it to the defendant, if the attachment is dissolved, or that it may be sold on the execution if the plaintiff recover judgment.

It is urged that the judgment is fraudulent. But whether fraud-

ulent or not, the plaintiff has a right to the property attached for his own protection. If fraudulent, it is nothing to the defendant. He cannot show any invalidity in the attachment or judgment. *Drew* v. *Livermore*, 40 Maine, 266. He cannot impeach it for fraud. *Brown* v. *Atwell*, 31 Maine, 351. Nor for irregularity. *Clifford* v. *Plumer*, 45 N. H. 269. The plaintiff could only impeach a fraudulent judgment as representing attaching creditors. *Willard* v. *Whitney*, 49 Maine, 235. But the defendant does not represent such creditors.

*Defendant to be defaulted.*

WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.