CHARLES P. HOLCOMB, Sheriff, *vs.* C. N. NELSON LUMBER COMPANY.

November 9, 1888.

Attachment — Receiptor Estopped to Question the Judgment for Fraud.—Where a sheriff relinquishes possession of property, which has been seized and attached by him, to a bailee, and upon the strength of a receipt for the same, the bailee or receiptor will not be permitted to question a judgment, obtained in the action in which the property was so seized and attached, upon the ground that the judgment was secured by perjury and fraudulent acts and practices.

Appeal by defendant from a judgment of the district court for Washington county, where the action was tried by *McCluer*, J., without a jury.

*Fayette Marsh*, for appellant.

*C. P. Gregory*, for respondent.

COLLINS, J. In the year 1883, by virtue of five writs of attachment issued out of and under the seal of the district court of Washington county, in actions then pending against one Eliason, this plaintiff, as sheriff, seized and attached certain pine logs, upon which the plaintiffs in each of said actions claimed to have a lien as provided by Gen. St. 1878, *c.* 32, §§ 46 *et seq.* Whereupon this defendant

delivered to him its receipt, as follows: "Received of Charles Holcomb, sheriff of Washington county, Minnesota, the following property, by him attached in each of the above-entitled actions, to wit: All those pine saw-logs, cut during the logging season of 1882–83, bearing the following marks, viz.: NAN, called N. A. N., and NON, called N., scalp N.,—being in or about 200,000 feet, and valued at eight hundred dollars; which logs it is hereby agreed shall be redelivered to said sheriff on demand; and it is further agreed hereby that, in case said logs be not so redelivered to said sheriff, that in that event the value thereof, as above stated, shall be paid by the undersigned to said sheriff in lieu of such redelivery. *Dated July 23, 1883.* C. N. NELSON LUMBER Co., Pr. CHAS. N. NELSON, Pt." Judgments having been duly rendered in plaintiff's favor in each of said actions, and executions issued thereon duly directed to this plaintiff, as sheriff, for service, he demanded a return of the logs, which was refused by defendant. The leviable interest of the creditors named in said executions aggregated the sum of $820.94, and to recover said sum this action, based upon said receipt, is brought. The defence attempted is—*First,* that defendant corporation is and was, when it executed said receipt, the owner of said logs; and, *second,*—which defence seems to be founded upon Gen. St. 1878, c. 66, § 285,—that said judgments were each obtained through the perjury and fraudulent practices and acts of a certain person (to whom it is alleged the judgment creditors had actually sold their claims and accounts before the suits were brought) and his attorney. The sufficiency of the second defence, which is the real issue in this action, must be disposed of adversely to the defendant. We have but to determine the liability of the officer. If he is accountable for the property to another, the receiptor must respond to his demand. *Bangs* v. *Beacham,* 68 Me. 425; *Holt* v. *Burbank,* 47 N. H. 164; *Smith* v. *Cudworth,* 24 Pick. 196. The bailee is the servant of the officer. *Gilbert* v. *Crandall,* 34 Vt. 188. By taking the receipt, and surrendering the property, the officer at once became responsible to the different plaintiffs for its value, so far as might be necessary to satisfy the executions issued upon their judgments. *Easton* v. *Goodwin,* 22 Minn. 426. In some cases a receiptor may defend in an action brought against him

by the officer, but this is not one of them.   He cannot impeach the judgment in the suit in which he has given his receipt.   *Brown* v. *Atwell*, 31 Me. 351;   *Burk* v. *Webb*, 32 Mich. 173.

Judgment affirmed.