HARVEY FRINK, Respondent, *v.* JACOB STEVENS, Appellant.

*Technical errors in a Justice's Court, disregarded on an appeal to the County Court.*

A technical error in regard to the admission of evidence in a court of a justice of the peace, not affecting the merits, may properly be disregarded by the County Court when considering, on appeal therefrom, a judgment rendered in the Justice's Court.

APPEAL by the defendant, Jacob Stevens, from a judgment of the County Court of Cortland county in favor of the plaintiff, entered in the office of the clerk of said county on the 26th day of November, 1894, modifying and affirming as modified a judgment of a justice of the peace of the town of Cortlandville, Cortland county.

*Bouton & Champlin,* for the appellant.

*Nathan L. Miller,* for the respondent.

MARTIN, J.:

This action was for damages to the plaintiff's mare, alleged to have been caused by the defendant's wrongfully, illegally and maliciously unhitching her and driving her out of his barn through a doorway twenty feet above the ground on to a barbed wire fence, whereby she was injured to the plaintiff's damage of forty dollars. The defendant appeared before the justice on the return day of the summons, but interposed no answer. He called for a jury, but when informed that he must first join issue in the case, he left the court and did not return. There was no direct evidence given on the trial showing that the defendant was guilty of the act charged, but the circumstances testified to tended to show that he performed the acts complained of, and were sufficient, we think, to justify the trial court in so finding.

If it be assumed that the statement of the witness as to what Dr. Baker said as to the extent of the injury to the mare was inadmissible, yet we think the judgment should not be disturbed upon that ground as it is manifest that it could not have affected the result. It had no bearing upon the question whether the defendant committed the injury complained of; and upon the question of damages the witness testified that he had owned a good many horses, bought and sold them, knew their value, and then gave his opinion as to the value of the mare in question before and after she was injured. Thus the only evidence of the plaintiff's damages was the opinion of the witness without any regard to what the doctor had said to him. If, therefore, it was error to admit this evidence it was at most a technical one which did not affect the merits and was properly disregarded by the learned County Court. (Code Civ. Proc. § 3063.)

We think the judgment of the County Court was right and should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment of the County Court affirmed, with costs.