### EISENBUD v. GELLERT et al.

(Supreme Court, Appellate Term. February 3, 1899.)

1. ATTACHMENT—RELEASE—OWNERSHIP—BURDEN OF PROOF.
　　In an action on an undertaking for the release of attached goods, the burden of showing ownership is on defendant.

2. SAME—EVIDENCE.
　　To· prove that an attachment defendant owned the goods attached, plaintiff testified that he was in defendant's store, and found two persons examining the stock as with a view to purchasing it, but defendant denied that he had intended to sell, explaining that such persons were relatives, and they disclaimed any intention of buying when told of plaintiff's claim. Plaintiff was corroborated by an apparently disinterested witness. Defendant sold the goods the same day to one of these men, who the next day sold to the other, but defendant had apparent continuous possession of the store. *Held*, that a finding against claim of ownership of such third persons was justified.

3. SAME—VALUE—OFFICER'S RETURN—ESTOPPEL.
　　An attachment plaintiff, in an action on an undertaking given for the release of the attached goods, is not precluded from showing their real value by the return of the officer levying, the officer himself not being bound by the return.

4. SAME—LEVY.
　　One giving a bond for the release of attached goods cannot question the validity of the levy in an action on the bond.

5. APPEALS FROM MUNICIPAL COURT—RETURN.
　　The return of the justice of the municipal court as to where a case was finally submitted to him must control on appeal.

6. SAME—EVIDENCE—JUDGMENT—HARMLESS ERROR.
　　Where a judgment sought to be admitted in evidence in another action was rendered by the justice trying the case, and his signature, admittedly genuine, was affixed thereto, and no claim was made that it was not what it purported to be, and there was no dispute on the point ·on which it had a bearing, failure to show that the papers had been produced from the files of the court was harmless error.

Appeal from municipal court, borough of Manhattan, First district.
Action by Abraham Eisenbud against Harris Gellert and others on an undertaking given to obtain a release from levy of an attachment. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Abraham B. Schleimer, for appellants.
Louis Levy, for respondent.

GIEGERICH, J. The undertaking in suit was given by the defendants, under section 2912 of the Code of Civil Procedure, in an action brought by the plaintiff against one Joseph Cohen, wherein an attach-

ment was issued. To release the property attached,—the contents of a grocery store which had been conducted by Cohen,—the defendant Meyer Benowitz, who claimed ownership of the goods, furnished this undertaking, following the statute in the customary form, and thereunder was to be held to the burden of proving that he was the general owner of the goods at the date of the attachment, if he and his sureties were to escape liability in an action seasonably instituted. Globe v. Rauch, 21 Misc. Rep. 48, 46 N. Y. Supp. 889.

That this action was properly commenced within three months from the giving of the undertaking (Code Civ. Proc. § 2912) is apparent from the date of the instrument and from the return, and the justice has found favorably to the plaintiff upon the issue of Benowitz's general ownership, which ownership was claimed through a bill of sale from one Abraham Liebermann, who in turn received a bill of sale from Cohen, the plaintiff's debtor. The testimony for the defendants was given by Benowitz and Liebermann, and was to the effect that Cohen had sold to Liebermann on the 11th day of April, 1898, and the latter to Benowitz on the 12th of that month, an adequate cash consideration having passed in the course of each transaction. The plaintiff testified, with corroboration by an apparently disinterested witness, that on the 11th of April he met Cohen, Benowitz, and Liebermann in Cohen's store, and, observing that the last two were examining the stock, as though with a view to purchasing it, he demanded the sum due him from Cohen, and also asked the latter if he intended selling his business. To this Cohen replied that he had no intention of selling, and that "these men" (Benowitz and Liebermann) were his relatives, and these individuals also disclaimed any intention of purchasing, in response to the plaintiff's assertion to them of his claim against Cohen. In view of this evidence, which the trial justice was authorized to credit, taken with the further proof that Cohen had apparent continual possession of the store, notwithstanding the alleged sale, it appears that the good faith of the transaction, which immediately succeeded the conversation noted, was sufficiently impeached to justify a finding that the defendant Benowitz's claim of ownership was not supported by the preponderance of the evidence, and so far the judgment is not to be assailed.

The award of damages is fully supported by the evidence for the plaintiff, which evidence is rendered the more probable in view of the sum which was evidently regarded as the value of the property attached when the undertaking was drawn; and the plaintiff was not to be held precluded by the statement contained in the marshal's return as to the approximate value, since even the officer himself would be at liberty to show that the true value was different from the value stated in the return (Drake, Attachm. § 206; and see Denton v. Livingston, 9 Johns. 96), and the sureties' liability in an action such as this is measured by the actual value of the property (Drake, Attachm. § 342).

The bond having been given to release the goods from a levy, the defendants cannot question the validity of the levy (see Cruyt v. Phillips, 16 How. Prac. 120, 123, 125); and the point that the marshal's purported levy was invalid, because he did no more than to place a

lock on the door of the premises, cannot, therefore, be viewed as well taken.

It is contended that the justice below failed to decide the case within eight days after its final submission, but this claim is simply based upon a difference of opinion between appellant's counsel and the justice as to the date of submission; and the return, as presented upon this appeal, must control.

We think that the objection taken to the admission in evidence of the judgment roll in the action in which the attachment was issued presents no ground for reversal. The ground of the objection was that this evidence was not "properly authenticated," and it is now urged that the objection went to the failure of the plaintiff to show that the papers had been produced from the files of the court. The judgment was rendered by the justice who tried this action, and in the same court, and his signature, admittedly genuine, was affixed to the judgment. No claim is made that the paper produced was not, indeed, what it purported to be,—the actual judgment in the action against Cohen; and, there being no dispute as to the only point upon which the evidence had a bearing,—the amount of the recovery in that action,—we are satisfied that the error, if any, was of a nature too technical and unsubstantial to be considered upon this appeal. Code Civ. Proc. § 3063. And see Frink v. Stevens, 88 Hun, 283, 284, 34 N. Y. Supp. 411; Marble v. Towman, 5 App. Div. 613, 614, 39 N. Y. Supp. 350.

We conclude, therefore, that the judgment should be affirmed, with costs. All concur.

