## GOTTLIEB v. KURLANDER et al.

(Supreme Court, Appellate Term.   December 11, 1906.)

1. APPEAL—RETURN—CONTRADICTING AFFIDAVITS.

Where, on appeal from the Municipal Court, the return shows that on the return day of the summons plaintiff appeared and complained, the Appellate Term must be governed by such return, as against an affidavit of plaintiff's attorney showing that no complaint was made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2820.]

2. COURTS—MUNICIPAL COURTS—DISMISSAL—REINSTATEMENT OF CASE.

Where a cause was dismissed in the Municipal Court for plaintiff's failure to appear, it could not be restored to the calendar until the default had been excused and the judgment of dismissal vacated.

3. SAME—APPEAL—DECISIONS REVIEWABLE.

Under the express provisions of Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, a defendant may appeal from a judgment rendered against him in an action wherein he did not appear and summons was not personally served on him.

4. MOTIONS—NOTICE—SERVICE BY MAIL—NONRESIDENTS.

Code Civ. Proc. § 797, providing for service of notices or other papers through the post office, directed to the person to be served at his place of residence according to the best information to be obtained concerning the same, has no application to service on a nonresident of the state.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Harry A. Gottlieb against Charles Kurlander and others. Defendants appeal from a judgment in favor of plaintiff.   Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

James, Schell & Elkus (Frederick Mellor, of counsel), for appellants.

Sol Tekulsky, for respondent.

GILDERSLEEVE, J.   The summons in this action was returnable on the 13th day of February, 1906, at which time, as appears by the return, the plaintiff appeared by his counsel and complained for "balance due to commissions to plaintiff as salesman" and the defendant Kurlander answered as follows: "Traverse return."   Two affidavits are annexed to the return, which appear to have been used in support of the defendant's claim that the summons had never been served on him, and there is no claim made that service was ever made upon but one of the defendants.   Upon these affidavits the action was dismissed. Subsequently, upon an affidavit made by the plaintiff's attorney, in which he set forth that on the return day of the summons he was in the rear of the courtroom, that he heard the case called and answered for the plaintiff, that he understood that the clerk said "inquest" and then continued the call of the calendar, and that, desiring to have the in-

quest adjourned, he waited until the court announced that applications for adjournments would be heard, and then made an application for an adjournment, when he was told that the case had been dismissed. He also stated in the affidavit that all of the defendants in the action were "outside this state and that the defendant Kurlander, who was served, left the state subsequent to said service and prior to the return day of this action." How this statement can be reconciled with the recital in the return that the plaintiff appeared and a complaint was made does not appear. This court must be governed by the return. Eisenbud v. Gellert, 26 Misc. 367, 55 N. Y. Supp. 952.

Based upon the affidavit above stated, the plaintiff's attorney made a motion for an order "to restore the above-entitled action to the day calendar of said court." Notice of this motion, with the affidavit aforesaid, the plaintiff's attorney swears, was served—

"By depositing a true copy thereof in a post office box in a sealed wrapper addressed to said Charles Kurlander at his last known place of business in this city, No. 36 West Eighteenth street; that defendant made due and diligent inquiry as to the whereabouts of said defendant, and ascertained at his said last place of business in this city that said defendant was permanently without the state, to wit, St. Louis, Mo.; that deponent also deposited a true copy of the within affidavit and notice of motion in a post office box in this city in a sealed wrapper addressed to said defendant at St. Louis, Mo.; that deponent mailed said copies as aforesaid on or before February 21, 1906."

This motion was returnable March 8th, and the defendant did not appear thereon, and on March 9th an order was entered granting said motion and directing the clerk to "restore the above-entitled action to the calendar of this court for March 12, 1906." On March 12, 1906, the defendant not appearing, an inquest was taken, and judgment rendered in favor of plaintiff and against the defendants for the sum of $220.90, besides costs. Subsequently the defendants obtained an order to show cause why said judgment should not be vacated and set aside. This motion was denied, and from the order denying said motion, as well as from the judgment of March 12, 1906, the defendants appeal.

Without passing upon the question as to whether or not the defendant was ever served with the summons, it is apparent that nonservice of the summons was the ground upon which the action was dismissed. As the return shows, as before stated, that both parties appeared upon the return day of the summons, and this dismissal is indorsed upon the summons, the plaintiff had a right either to begin another action or to appeal from the judgment of dismissal. There was no default, so far as the record shows. The plaintiff has, however, evidently attempted to treat the situation as a default on his part; but his motion was not to open a default but to restore the case to the calendar. There is no authority in the Municipal Court act for the making of such a motion, and it is clear that before a cause once dismissed, even for failure on the part of the plaintiff to appear, can be restored to the calendar, the default must be excused and the judgment of dismissal vacated. The order made does not claim to do more than to restore the cause to the calendar, and this restoration under such circumstances was without authority either in law or practice, and the judgment subsequently entered against the defendants was without jurisdiction in the court and was void. The dismissal of the action aforesaid was an

adjudication that the defendant had never been served with a summons and was valid until vacated upon appeal. The judgment subsequently entered on March 12, 1906, must be considered as one having been entered without personal service of the summons having been made, and therefore appealable under section 311 of the Municipal Court act (Laws 1902, p. 1578, c 580). Even if we could reasonably assume that the plaintiff's motion was one to open a default, the proof of service of the motion papers affirmatively shows that no valid service thereof was ever made. The defendants are shown to be nonresidents of the state, and section 797 of the Code of Civil Procedure has no application to service of papers upon nonresidents of the state.

Judgment reversed, with costs. All concur.