(56 Misc. Rep. 649.)

## GROSS v. GORSCH.

(Supreme Court, Appellate Term. December 20, 1907.)

1. COURTS—NEW YORK MUNICIPAL COURT—PROCEDURE.

On adjournment of a case in the Municipal Court to a specified date at request of plaintiff, the court imposed $10 costs upon him. On the date specified defendant stated that the costs had not been paid, whereupon the court dismissed the complaint and judgment was entered against plaintiffs. *Held*, that the dismissal was erroneous, there being no provision of the Municipal Court act authorizing the court to dismiss an action for the nonpayment of such costs, and Code Civ. Proc. § 779, which directs a stay if such costs are not paid, being inapplicable to Municipal Courts by express provision of Code Civ. Proc. § 3347.

2. APPEAL—QUESTIONS PRESENTED BY RECORD—EXTENT OF REVIEW.

The Appellate Term is bound by the record as it is filed, and where the return of the justice of the Municipal Court contains nothing in support of defendant's contention that the dismissal of the complaint was based upon plaintiff's failure to proceed with the action, that question cannot be reviewed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2867–2872.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Paul Gross against Hugo Gorsch. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Benjamin Patterson (Herman Kahn, of counsel), for appellant.
Flynn & Hess, for respondent.

GILDERSLEEVE, P. J. After several adjournments had in this case the parties met for trial on October 15, 1907, and upon plaintiff's request the case was again adjourned until October 21, 1907; the court imposing the sum of $10 costs upon the plaintiff. Upon October 21, 1907, when the case was reached upon the call of the calendar, the defendant stated to the court that the $10 costs, theretofore imposed, had not been paid. Thereupon the court dismissed the complaint for nonpayment of such costs, and judgment was entered against the plaintiff, from which judgment he appeals.

The dismissal of the complaint for nonpayment of costs was error. There is no provision of the Municipal Court act which authorizes the court to dismiss an action for the nonpayment of costs, imposed as a condition for granting an adjournment; and section 779 of the Code of Civil Procedure, which directs a stay if such costs are not paid, is not applicable to Municipal Courts. Section 3347, Code Civ. Proc. The remedy is for the party awarded such costs to add them to the judgment, if successful, or to offset them against the judgment obtained by the other party. Farber v. Flauman, 30 Misc. Rep. 627, 62 N. Y. Supp. 784. The court was therefore wrong in dismissing the complaint. Fallon v. Crocicchia (Sup.) 102 N. Y. Supp. 541, 543.

The respondent admits in his brief that the court was without jurisdiction to dismiss the action for failure to pay the costs, but urges that such dismissal was also based upon the plaintiff's failure "to proceed with the action" when the same was called for trial. This court is bound by the record as it is filed. Eisenbud v. Gellert, 26 Misc. Rep. 367, 55 N. Y. Supp. 952; Forman v. N. Y. Transportation Co. (Sup.) 95 N. Y. Supp. 581. The return herein contains nothing in support of the respondent's contention. If the return is defective in material respects, this court is always open for a motion to amend the same, and it is the duty of both the appellant and respondent to promptly examine it as soon as filed, for the purpose of ascertaining defects therein. Bevins & Rogers, App. Term Pr. 46.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

McCALL, J., concurs. FORD, J., concurs in result.