### ROSS-HIGGINS CO. v. PROTZMAN et al.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1922.)

#### No. 3676.

1. Corporations ⟨⟩672(1)—Failure to plead incapacity of foreign corporation to contract by reason of not complying with statute waives that defense.

Under the provision of Comp. Laws Alaska, 1913, § 657, that contracts made by a foreign corporation which has not complied with the statute shall be voidable at the election of the other party, failure of a party sued to plead the incapacity of the corporation or the invalidity of the contract waives such defense.

2. Corporations ⟨⟩661(2)—Right to maintain action not affected by previous doing of business without complying with law.

That a foreign corporation may have done business in Alaska without having complied with the statutory requirements therefor does not affect its right to maintain an action in the courts of the territory after it has ceased doing such business.

3. Corporations ⟨⟩641—Statute making void contracts by corporations not authorized to do business strictly construed.

Under Comp. Laws Alaska, 1913, § 660, providing that, if a foreign corporation shall fail to comply with the requirements of the statute to authorize it to do business in Alaska, "all its contracts with citizens of the district shall be void as to the corporation," to authorize a court to adjudge a contract void, it must clearly appear that it was made with a citizen of the district.

4. Attachment ⟨⟩345—Surety on forthcoming bond estopped to deny that attachment was properly levied.

Sureties on a forthcoming bond conditioned for redelivery of attached property or payment of the judgment recovered against the attachment defendants are estopped to set up in defense to an action thereon that the attachment was not properly levied, or was irregular, or that the contract sued on was voidable.

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Action at law by the Ross-Higgins Company against L. F. Protzman and F. S. Gordon. Judgment for defendants, and plaintiff brings error. Reversed.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Louis K. Pratt, of Fairbanks, Alaska, for plaintiff in error.

A. R. Heilig, of Portland, Or., and Kerr, McCord & Ivey and James A. Kerr, all of Seattle, Wash., for defendants in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This action was based upon a forthcoming bond executed in 1908 by Protzman and Gordon, defendants in error, payable to the United States marshal and conditioned that, if the Ross-Higgins Company should recover a judgment against Ohlsen in an action by Ross-Higgins Company against Ohlsen, then pending in the courts of Alaska, they would redeliver certain goods attached or pay the value thereof to the marshal. In December, 1910, the marshal assigned the bond to the present plaintiffs, who brought this action in 1911.

Plaintiff pleaded that, when it transacted mercantile business during 1906 and 1907, it complied with the local law (chapter 23, pt. 5, Carter's Alaska Code), requiring filing of a certificate of incorporation. Defendants answered that on July 18, 1906, and continuously thereafter, the Ross-Higgins corporation had not complied with the laws concerning the filing of articles of incorporation in Alaska, and for that reason the forthcoming bond involved was void; also that the stock of merchandise attached did not belong to Ohlsen at the date of levy, and that one Vachon had a chattel mortgage lien on the goods. Demurrers to the answers were overruled, and plaintiff replied by denials and pleas of fraudulent conduct and estoppel. The court found as follows:

Ross-Higgins Company, an Oregon corporation, in 1906 and part of 1907 did business in Alaska, with its principal place at Fairbanks, in the then Third judicial district of Alaska, and sold merchandise to one Ohlsen, for which, in August, 1907, Ohlsen owed the company $1,689. Before April 7, 1908, Vachon, a merchant in Fairbanks, Alaska, sold merchandise to Ohlsen, for which Ohlsen owed Vachon about $1,400. Ohlsen, wishing further credit, mortgaged all his goods, including those to be sold, to Vachon, thus securing several promissory notes by Ohlsen to Vachon. The mortgage was recorded and Ohlsen continued in business; but on August 20, 1908, the Ross-Higgins Company sued Ohlsen, and in 1911 recovered judgment for $1,404, and sued out writ of attachment against the property of Ohlsen. Execution was had by the marshal. When Vachon learned of the attachment, with the permission of Ohlsen, who was then in possession of the goods, he took possession of the mortgaged goods and sold them, but for a sum insufficient to pay Ohlsen's secured debt. Ross-Higgins Company never filed in the office of the clerk of the District Court for the Third Division of Alaska any copy of its charter or articles of incorporation, or other statements required by law, except an annual report for the year 1906.

The court concluded that the Ross-Higgins Company, while carrying on business in Fairbanks, Alaska, failed to comply with the provisions of the Alaska law relating to foreign corporations, and that the court was "prohibited from enforcing" its claim against Protzman and Gordon; that the claim of the plaintiffs against defendants upon the

bond sued upon "is invalid and unenforceable," and the bond without valid consideration; that "no valid attachment" was ever made, and the bond executed for the "supposed release" from the attachment was without consideration and null and void. To review judgment for defendants, writ of error was brought.

The statutes of Alaska provide (Comp. Laws 1913, §§ 657, 660):

"Sec. 657. If any such corporation or company shall attempt or commence to do business in the district without having first filed said statements, certificates, and consents required by this chapter, it shall forfeit the sum of twenty-five dollars for every day it shall so neglect to file the same; and every contract made by such corporation, or any agent or agents thereof, during the time it shall so neglect to file such statements, certificates, or consents, shall be voidable at the election of the other party thereto. It shall be the duty of the United States attorney for the District to sue for and recover, in the name of the United States, the penalty above provided, and the same, when so recovered, shall be paid into the treasury of the United States."

"Sec. 660. If any such corporation or company shall fail to comply with any of the provisions of this chapter, all its contracts with citizens of the district shall be void as to the corporation or company, and no court of the district, or of the United States, shall enforce the same in favor of the corporation or company so failing."

In the consideration of the cited provisions of the Code, we cannot ignore an allegation of the complaint to the effect that the Ross-Higgins Company transacted a mercantile business at Skagway and Fairbanks, in Alaska, with principal place of business at Skagway after 1900, but that in July, 1907, it sold out its stock in trade and closed out its business in Alaska, and thereafter transacted no corporate business in the territory, other than such as was necessary in winding up its affairs, in paying its debts, and collecting outstanding accounts. This averment is not answered, except by denials that the principal place of business of plaintiff corporation was ever at Skagway, and that at any time other than August 14, 1906, the corporation filed at Fairbanks, Alaska, the annual statement required by the Alaska statutes. As a result the following situation is presented:

The Ross-Higgins Company was not a party to the bond or contract now before us, made in 1908, in the course of litigation between Ross-Higgins Company and Ohlsen. Nor did the corporation become assignee of the bond until December 9, 1910, when the marshal assigned the bond to it. However, before 1910 the corporation went out of business in Alaska, and after that was only doing what was necessary to wind up its corporate affairs and collect debts due it.

[1] No taint of fraud attached to the obligation here sued upon, or to the assignment thereof by the marshal to the Ross-Higgins corporation. In the action wherein the Ross-Higgins Corporation recovered judgment against Ohlsen, by failure to plead the incapacity of the corporation to sue, or the invalidity of the contract, Ohlsen waived the defense that the contract was voidable at his election (Bernheim D. Co. v. Elmore, 12 Cal. App. 85, 106 Pac. 720), and judgment went against him. In our opinion, the bond, when given, was a valid contract between the marshal and the obligors, Protzman and Gordon, and, in the event of certain contingencies, became subject to enforcement by the marshal.

[2] This being so, the assignee, which was not engaged in business in Alaska at the time of the assignment, or at the time of the institution of the present action, may enforce the obligation, and the court will not in this action permit the signers of the bond to inquire whether at the date of the notes involved in the action against Ohlsen the contract between him and the corporation was voidable for failure to comply with the statute cited, or whether, if Ohlsen had so elected in the action against him, the contract could have been held void as to the corporation. Whatever violation of the law the corporation had been guilty of ceased before it became the assignee of the bond, and thereafter its attitude was that of a litigant foreign corporation not attempting to carry on business in Alaska. Boggs v. Kelly M. Co., 76 Kan. 9, 90 Pac. 765, 15 L. R. A. (N. S.) 461; Booth & Co. v. Weigand, 28 Utah, 372, 79 Pac. 576.

[3] It follows that in our opinion the present action can be maintained unless section 660, Compiled Laws of Alaska, p. 331, applies. But that is not pertinent, for it has to do only with contracts entered into by a foreign corporation doing business in Alaska, and failing to comply with the statutes of Alaska, and where the contract is made "with citizens of the district." The section should be construed with reasonable strictness, and unless it appears that the attachment was wholly illegal and void, and the bond was therefore invalid, the sureties are estopped. Pacific Nat. Bank v. Mixter, 124 U. S. 721, 8 Sup. Ct. 718, 31 L. Ed. 567. To apply this rule, it does not appear that the contract between Ohlsen and the corporation was void, and even though the defendants herein could present an issue that their contract is unenforceable because the main contract was void, the issue is not made by any pleading that the obligors were citizens of the district, and there is no finding to that effect. To adjudge a contract wholly void under section 660 as to the corporation, it must clearly appear that the contract was made with a citizen of the district.

[4] The court concluded that the attachment on behalf of Ross-Higgins Company in its suit against Ohlsen was invalid, because the marshal—

"went with said writ to Ohlsen's place of business and made a memorandum of the goods found in his store building, and then left the store building and the goods therein contained, and did not remove any part of said goods, nor place any person in charge thereof, and did not take any of said goods into his custody."

The finding is not altogether harmonious with the return of the marshal, which states that he attached the stock of merchandise in a cabin and warehouse, made an inventory, and left a certified copy of the writ of attachment, together with a notice specifying the property attached with defendant Ohlsen and by "taking possession of the stock of merchandise, the same not being moved, nor a keeper put in charge, * * * by instructions of the plaintiff's attorney." But inasmuch as the obligors in the bond are estopped to deny the regularity or sufficiency of the attachment, the divergence is of no real importance. Unquestionably the bond was effectual in its purpose, and no fraud or collusion appearing, and judgment having been rendered, the weight of

authority precludes the obligors from setting up in this action that the attachment was not properly levied, or was irregular, or that the contract between Ohlsen and the company was voidable. Huff et al. v. Hutchinson, 14 How. 586, 14 L. Ed. 553; McMillan v. Dana, 18 Cal. 339; Pacific Bank v. Mixter, 124 U. S. 721, 8 Sup. Ct. 718, 31 L. Ed. 567; State ex rel. Senter v. Cowell, 125 Mo. App. 348, 102 S. W. 573; Moffitt v. Garrett, 23 Okl. 398, 100 Pac. 533; 32 L. R. A. (N. S.) 401, 404, 407, 138 Am. St. Rep. 818; McLean v. Wright, 137 Ala. 644, 35 South. 45, 97 Am. St. Rep. 67; Bunneman v. Wagner, 16 Or. 433, 18 Pac. 841, 8 Am. St. Rep. 306; Eisenbud v. Gellert, 26 Misc. Rep. 367, 55 N. Y. Supp. 952; Smith v. Fargo, 57 Cal. 157; Scanlan v. O'Brien, 21 Minn. 434.

Under section 978, Alaska Laws, the sureties on the bond could plead, as they did, that the property attached "did not belong" to Ohlsen at the time of the execution of the writ of attachment. But where there is merely a chattel mortgage outstanding the statute is not applicable.

The judgment is reversed, and the cause is remanded, with directions to set aside the judgment entered and to proceed in accordance with the views herein expressed.